IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CHASE BARFIELD, <br> MICHAEL D. BIFFLE, and <br> GINA BIFFLE, for themselves and on <br> behalf of all others similarly situated, <br> <br> Plaintiffs, <br> <br> v. <br> <br> SHO-ME POWER ELECTRIC <br> COOPERATIVE, a Missouri company, <br> <br> SHO-ME TECHNOLOGIES, LLC, <br> a Missouri company, <br> <br> KAMO ELECTRIC COOPERATIVE, <br> INC., an Oklahoma Company, <br> <br> and <br> <br> K-POWERNET, LLC, <br> an Oklahoma company, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | JURY TRIAL DEMANDED <br> <br> Case No. 11-4321 |

## CLASS ACTION COMPLAINT

Plaintiffs Chase Barfield, Michael D. Biffle, and Gina Biffle (collectively, the "Named Plaintiffs") bring this class action on behalf of themselves and all other similarly situated Missouri property owners. Defendants are Sho-Me Power Electric Cooperative ("Sho-Me Power"), its wholly owned subsidiary Sho-Me Technologies, LLC ("Sho-Me Tech") (collectively "Sho-Me"), KAMO Electric Cooperative, Inc. ("KAMO Electric"), and its wholly owned subsidiary K-PowerNet, LLC ("K-PowerNet") (collectively "KAMO"). Defendants sometimes do business together as Cooperatives' Broadband Network ("CBN"). For their cause of action, Named Plaintiffs state as follows:

**PARTIES**

1. Chase Barfield is a citizen and resident of Collier County, Florida. He owns land in Hickory County identified as tax parcel no. 11-7-36-0-0-9-0, through which KAMO installed and is operating a commercial fiber-optic-communications network, independent of the transmission or distribution of electricity.

2. The Biffles are citizens and residents of Oregon County, Missouri. They own land in Oregon County identified as tax parcel no. 17-7.0-26-0-000-0010.00, through which Sho-Me illegally installed and is operating a commercial fiber-optic-communications network, independent of the transmission or distribution of electricity.

3. Defendant Sho-Me Power is a Missouri company with its principal place of business in Marshfield, Missouri.

4. Defendant Sho-Me Tech is a Missouri limited liability company with its principal place of business in Marshfield, Missouri.

5. Defendant KAMO Electric is an Oklahoma limited liability company with its principal place of business in Vinita, Oklahoma. KAMO Electric also does business in western Missouri.

6. Defendant K-PowerNet is an Oklahoma limited liability company with its principal place of business in Vinita, Oklahoma. K-PowerNet also does business in western Missouri.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction of this class action under 28 U.S.C. § 1332(d)(2). Defendants KAMO Electric and K-PowerNet are Oklahoma citizens and

Named Plaintiffs are Missouri and Florida citizens. The matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs.

8. Venue in this Court is proper under 28 U.S.C. § 1391(a), as Defendants KAMO Electric and K-PowerNet do business in Hickory County, Missouri.

**CLASS-ACTION ALLEGATIONS**

9. This class action is brought by Named Plaintiffs, on their own behalf and on behalf of others similarly situated, under Federal Rule of Civil Procedure Rule 23.

10. Named Plaintiffs represent a class (the "Missouri Landowner Class" or the "Class") consisting of all persons who own land in Missouri underlying Defendants' electric-transmission or distribution lines and on or in which a Defendant has installed — or announced plans for the installation of — fiber-optic cable. Excluded from the class are persons who own only land underlying public streets or highways. Also excluded from the class are Defendants, all local, state, and federal governments and their agencies, any Indian tribe, and the trial judge.

11. Defendants have illegally installed or used over 2,000 miles of fiber-optic cable throughout the state on Class Members' land that is subject only to a limited electric-utility easement or occupancy ("Electric Easement Land"). Defendants are using the fiber-optic cable installed on Electric Easement Land to offer commercial-communications services as a separate business distinct from the generation, transmission, or distribution of electricity. Defendant Sho-Me has claimed the right to expand the installation and use of fiber-optic cable on Electric Easement Land for these separate, non-electric purposes, and has announced future expansion plans.

12. Named Plaintiffs may bring this action as representatives of the Missouri Landowner Class because:

  (a) As owners of Electric Easement Land they are entitled to compensation for Defendants' improper commercial use and occupation of their land for purposes other than the transmission or distribution of electricity; disgorgement of the revenues wrongfully flowing to Defendants from that improper use and occupation; and declaratory relief;

  (b) Their claims are typical of the claims of the other members of the Missouri Landowner Class; and

  (c) Named Plaintiffs will fairly and adequately represent the interests of the Missouri Landowner Class. Named Plaintiffs have no interests adverse to the interests of the Class, and counsel selected by Named Plaintiffs are experienced in handling class actions and other complex commercial and consumer litigation and will fairly and adequately represent the interests of all Class Members.

13. The Class Members are so numerous that joinder of all is impractical. Although the exact number of Class Members is unknown at this time, it is estimated that there are not less than 3,000.

14. There are questions of fact common to the Class, and those questions predominate over questions affecting any individual Class Members. Common questions of fact include but are not limited to:

  a. Whether Defendants adopted policies, procedures, or a pattern or practice to install and operate fiber-optic cable, for commercial-

communications purposes, on Electric Easement Land, without seeking or obtaining Class Members' consent;

b. Whether Defendants knew that they held or leased easements granting access only for the limited purposes of transmitting or distributing electricity, and whether Defendants acted with malice or reckless disregard for Class Members' rights in installing the fiber-optic facilities and operating a commercial-communications network despite that knowledge;

c. Whether Defendants made any assertions regarding their ownership interest or occupancy rights in Electric Easement Land, and whether Defendants knew those assertions to be false, or whether those assertions were made recklessly and without adequate investigation of their truth or falsity;

d. Whether Defendants negotiated for or entered into contracts that purported to transfer rights of use or ownership to Electric Easement Land for commercial-communications purposes, and whether Defendants knew or should have known that any such transfer or use exceeded the limited scope of their easement rights;

e. Whether Defendants received revenues from their improper use, occupancy, or transfer of Electric Easement Land, and the amount of those revenues;

f. Whether Defendants refuse to acknowledge their lack of ownership in, possessory control over, or right to exercise dominion or control over

Electric Easement Land beyond that necessary for the transmission or distribution of electricity; and

    g. Whether any Defendant has announced plans to expand the installation of fiber-optic cable on Electric Easement Land, without obtaining additional easements, and whether it intends to use that cable for purposes other than the transmission or distribution of electricity.

15. There are questions of law common to the Class, and those questions predominate over questions affecting any individual Class Members. Common questions of law include but are not limited to:

    a. Whether Defendants' conduct in (1) entering onto Electric Easement Land for the installation and maintenance of fiber-optic cable, (2) operating a commercial-communications network through that cable, and (3) failing to remove that cable from Electric Easement Land, constitutes acts of trespass, which are present and continuing;

    b. Whether Defendants' conduct common to the Class has resulted or will result in Defendants being enriched at the expense of Class Members, or in Defendants retaining a benefit to the detriment and loss of Class Members, in frustration of the fundamental principles of justice, equity, and good conscience, and thus constitutes unjust enrichment;

    c. Whether Defendants' conduct common to the Class demonstrated willfulness, malice, or recklessness, or whether Defendants proceeded with conscious disregard for the rights of others, therefore entitling Class Members to punitive damages;

    d. Whether the use of federal funds to install fiber-optic cable, without permission from the Class Members, violates federal law, and whether the Court should enjoin further installation funded by federal monies; and

16. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants, and which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to those adjudications, substantially impairing or impeding their ability to protect their interests.

17. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

18. Named Plaintiffs may maintain a class action because questions of law and fact common to Class Members predominate over any questions affecting only individual Members, and a class action is a superior method for the fair and efficient adjudication of the controversy. A class action is superior to other available methods because:

    a. The expense and burden of individual litigation would effectively make it impracticable for individual Class Members to seek redress for the wrongs alleged in this Complaint;

    b. This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision;

c. Failure to permit this matter to proceed as a class action would be contrary to the public policy encouraging the economies of judicial, attorney, and litigant time and resources; and

d. Public policy and judicial precedent favor class actions for the purpose of, *inter alia*, deterring wrongdoing and providing judicial relief for small, individual claims with a common basis.

### FACTS

19. The Biffles own eighty acres of land in Oregon County, underlying Sho-Me Power's electric-transmission or distribution lines. Barfield owns twenty-two acres of land in Hickory County, underlying KAMO's electric-transmission or distribution lines.

20. Sho-Me has an easement over the Biffles' land. KAMO has an easement over Barfield's land. Either by their terms or by operation of law, the easements give Defendants only a limited to electric-utility easement or occupancy. None of the Defendants ever held — and cannot use, lease, convey or otherwise transfer or create — any rights in, under, over, or across Electric Easement Land for any other purpose.

21. Fiber-optic cable was installed alongside the electric-transmission lines on the Biffles' property sometime prior to January 1, 2006. Fiber-optic cable was installed on Barfield's property sometime before 1995. Neither the Biffles nor Barfield were given prior notice of the installation. Defendants did not negotiate or pay for an easement that would have permitted the installation or use of fiber-optic cable for commercial-communications purposes.

22. Sho-Me Tech's website states that it "operates an advanced optical network spanning electric transmission lines in Missouri." http://www.shometech.com/about/. Sho-Me Tech claims that its communications network has "now grown to encompass over 2,000 miles of fiber optic connectivity" and that it "boasts the highest coverage of optical bandwidth in the area." *Id*. Sho-Me Tech has also announced its intention to construct additional middle mile infrastructure for broadband services for approximately 2,500 miles of fiber to be installed. At least some of the fiber-optic-cable installation is being funded with federal dollars and is intended to expand Sho-Me Tech's broadband network. The installation is planned on Electric Easement Land, without Sho-Me first obtaining easement rights that would support commercial-communications or non-electric uses — a requirement of the federal funding.

23. Sho-Me Power, the parent of Sho-Me Tech, is a CBN member. KAMO, the parent of K-PowerNet, is a CBN member. CBN's website stated that it provides an "advanced optical network spanning electric transmission lines in Oklahoma and Missouri." *See* Exhibit A. Its optical network "has now grown to encompass over 2,500 miles of fiber optic connectivity." CBN "boasts the highest coverage of optical bandwidth in the area." A map of the fiber-optic network that appeared on the CBN website is part of Exhibit A hereto.

24. The CBN map also shows that substantial miles are under construction in northeastern and southeastern Missouri by one or more Defendants.

25. In order to complete their network, Defendants have installed or operate fiber-optic cable on thousands of miles of Electric Easement Land that they do not own,

and in which the only rights they have are limited easements or occupancies for electric–transmission purposes.

26. On information and belief, Defendants made the business decision to forego a time-consuming negotiation and compensation process to obtain the necessary easement rights, and instead deliberately undertook to disregard Class Members' property rights and install or operate on their land a fiber-optic network for purposes other than those permitted by the limited Electric Power Easements.

27. On information and belief, Defendants' standard practice and policy has been not to inform Class Members about the installation of fiber-optic-cable, and Defendants have neither obtained consent from nor paid compensation to Class Members for the unauthorized use of the Electric Easement Land.

28. Defendants have contracted with each other and with third parties to use for a commercial-communications network the fiber-optic facilities installed on Electric Easement Land.

29. By using the fiber-optic facilities for a new commercial-communications network, Defendants have received or expect to receive revenue from the unauthorized and uncompensated use of Electric Easement Land. Defendants should disgorge this revenue to Named Plaintiffs and other Class Members.

30. Defendants knew or should have known that they held or used easements valid only for electric-transmission purposes, and that they had no right to use, install, maintain, or operate fiber-optic cable on Class Members' land for commercial-communications purposes. Defendants acted with reckless disregard when they undertook their fiber-optic-cable installation and operation.

## COUNT I
### (Declaratory Judgment)

31. Named Plaintiffs incorporate by reference Paragraphs 1 through 30 of this Complaint.

32. An actual dispute and controversy exists concerning Defendants' right to occupy and use Named Plaintiffs' and the other Class Members' Electric Easement Land for purposes other than the transmission of electricity, *i.e.*, for commercial-communications purposes, without consent and without compensating them for that new use and occupation.

33. Named Plaintiffs and the Class are entitled to a declaration that Defendants have no legal right to exercise dominion and control over, or to use, Electric Easement Land to construct and operate a fiber-optic-cable network for commercial-communications purposes.

34. Named Plaintiffs and the Class are entitled to a declaration that Defendants have no legal right or interest in the Electric Easement Land beyond an Electric Power Easement for the limited purpose of transmitting or distributing electricity.

WHEREFORE, Named Plaintiffs and the other Class Members pray for declaratory relief as set forth in the Prayer below.

## COUNT II
### (Trespass)

35. Named Plaintiffs incorporate by reference Paragraphs 1 through 34 of this Complaint.

36. Defendants' intentional and unauthorized entry upon Named Plaintiffs' and the other Class Members' Electric Easement Land for construction, installation, maintenance, lease, or other operation of a fiber-optic-cable network for commercial-communications purposes constitutes a present and continuing trespass.

37. As a direct and proximate result of Defendants' trespass upon and commercial occupation and use of the Electric Easement Land, Defendants have received and continue to receive substantial revenues.

38. Named Plaintiffs and the other Class Members have suffered, in amounts to be proven at trial, as damages from Defendants' trespass.

39. Named Plaintiffs and the other Class Members are entitled to all damages proximately caused by Defendants' trespass, including the reasonable value of the use of the land for Defendants' commercial-communications purposes, or, at Named Plaintiffs' election, all revenues arising from Defendants' trespass or title to the fiber-optic cable and related equipment.

WHEREFORE, Named Plaintiffs and the other Class Members pray for damages and other relief as set forth in the Prayer below.

## COUNT III
### (Unjust Enrichment)

40. Named Plaintiffs incorporate by reference Paragraphs 1 through 39 of this Complaint.

41. As a direct and proximate result of Defendants' intentional and unlawful use and occupation their land, Named Plaintiffs and the other Class Members have been deprived of the rents, profits, and other benefits arising from Defendants' commercial use and occupation of Electric Easement Land for purposes other than the transmission of electricity. Defendants have been unjustly enriched by their wrongful receipt and retention of rents, profits, and other benefits owed to Named Plaintiffs and the other Class Members and, in equity, Defendants should not be allowed to retain those rents, profits, and benefits.

42. Named Plaintiffs and the other Class Members are entitled to a judgment requiring Defendants to disgorge all sums they have received as rents, profits, and other benefits arising from their unlawful commercial use and occupation of Electric Easement Land for purposes other than transmitting or distributing electricity.

## COUNT IV
**(Injunctive Relief)**

43. Named Plaintiffs incorporate by reference paragraphs 1 through 42 of this Complaint.

44. Sho-Me has been awarded at least $26.6 million in federal funds with which to construct an expanded fiber-optic communications network in Missouri. The federal grant requires Sho-Me to furnish satisfactory evidence that it has the necessary easements over the property on which its network is to be constructed. Sho-Me cannot lawfully use its existing easements, and it cannot obtain the necessary easements without adequately compensating the Class Members.

45. Sho-Me has shown no intention of adequately compensating the Class Members for taking interests in their land. Without an injunction, the Missouri Landowner Class will be irreparably injured and has no adequate remedy at law.

## **PUNITIVE DAMAGES**

46. Named Plaintiffs incorporate by reference Paragraphs 1 through 45 of this Complaint.

47. The wrong done to Named Plaintiffs and the other Class Members by Defendants was attended by fraudulent, malicious, intentional, willful, wanton, or reckless conduct, which evidenced a conscious disregard for Named Plaintiffs' and the other Class Members' rights. Named Plaintiffs, on behalf of the Class, therefore seek punitive damages in an amount to be proven at trial.

## **PRAYER**

WHEREFORE, Named Plaintiffs on behalf of themselves and the members of the Missouri Landowner Class pray that the Court certify this matter as a class action and grant relief as follows:

1. Certify a Class as defined in Paragraph 10 herein;

2. Declare that Defendants did not obtain any title or interest or right to occupy or use Electric Easement Land other than for electric-transmission purposes;

3. Declare that Defendants' occupation or use of Electric Easement Land for a commercial-communications network is a trespass;

4. Direct Defendants to render a just and full accounting of all sums received as a result of their trespass;

5. Award Class Members damages against all Defendants, jointly and severally, in the amount of the reasonable value of Defendants' improper use of Electric Easement Land, or at Named Plaintiffs' election, all revenues arising from Defendants' trespass;

6. Hold that the doctrine of unjust enrichment applies and order Defendants to pay to Class Members all sums received by Defendants flowing from the unlawful or improper use of Electric Easement Land;

7. Award Plaintiffs an injunction as prayed for herein;

8. Award Plaintiffs their costs and expenses incurred in this action, including attorneys' fees, and award pre-judgment and post-judgment interest;

9. Award Plaintiffs punitive damages; and

10. Grant such other relief as the Court deems just and appropriate.

## JURY DEMAND

Named Plaintiffs demand a jury trial as to all issues so triable.

Dated: November 29, 2011

    /s/Heidi Doerhoff Vollet_____
Dale C. Doerhoff                       #22075
Heidi Doerhoff Vollet              #49664
COOK, VETTER, DOERHOFF &
    LANDWEHR, P.C.
231 Madison Street
Jefferson City, MO 65101
(573) 635-7977; (573) 635-7414 – facsimile
E-mail: ddoerhoff@cvdl.net
       hdoerhoff@cvdl.net

Attorneys for Plaintiffs

**Of Counsel**

Henry J. Price
Ronald J. Waicukauski
Carol Nemeth Joven
Price Waicukauski & Riley, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Tel: (317) 633-8787
Fax: (317) 633-8797

Nels Ackerson
Kathleen C. Kauffman
Ackerson Kauffman Fex, P.C.
1701 K Street, N.W.
Suite 1050
Washington, DC 20006
Tel: (202) 833-8833
Fax: (202) 833-8831

Andrew W. Cohen
Koonz, McKenney, Johnson,
 DePaolis & Lightfoot, L.L.P.
2001 Pennsylvania Avenue, N.W.
Suite 450
Washington, DC 20006
Tel: (202) 659-5500
Fax: (202) 785-3719

Fred O'Neill   MO Bar 42683
Route # 1 Box 116A
Myrtle, MO 65778
(Tel): (417) 938-4457 or (417) 778-7616
(Fax): (417) 778-7615