UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHASE BARFIELD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:11-cv-04321-NKL |
| | ) |
| SHO-ME POWER ELECTRIC | ) |
| COOPERATIVE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Sho-Me Power Electric Cooperative and Sho-Me Technology's Motion to Dismiss pursuant to the "local controversy" and "home-state" exceptions to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A)&(B). For the reasons set forth below, the Motion to Dismiss, [Doc. 376], is DENIED.

**I.      Background**

Plaintiffs filed their Complaint in November 2011. In January 2012, Sho-Me sought to transfer venue to the Southern Division of the Western District of Missouri. [Doc. 23]. Also in January 2012, KAMO filed a motion to dismiss pursuant to the "local controversy" exception of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(4)(B). [Doc. 34]   In mid-February 2012, Sho-Me submitted suggestions in support of KAMO's motion to dismiss, stating that the motion was "well founded" but that Sho-Me was opting to defer filing a similar motion "until after the Court decides the more immediate question" of venue posed by Sho-Me's pending motion to transfer

1

venue. [Doc. 43]. Sho-Me stated they planned to submit evidence in support of their own jurisdictional motion after the Court decided their motion to transfer. *Id.*

In June 2012, the Court denied Sho-Me's motion to transfer and KAMO's motion to dismiss pursuant to CAFA's "local controversy" exception. [Doc. 81]. In denying the motion to dismiss pursuant to the "local controversy" exception, the Court concluded KAMO failed to establish that more than two-thirds of the members of the proposed class are citizens of Missouri, as required by § 1332(d)(4)(A)(i)(I), and that no other class action asserting the same or similar factual allegations had been filed during the 3-year period preceding the filing of this case, as required by § 1332(d)(4)(A)(ii). [Doc. 81, at p. 5-9. More than a year later, in July 2013, the putative class was certified.

In August 2013, one month after class certification and more than fourteen months after the Court denied Sho-Me's motion to change venue and KAMO's motion to dismiss, Sho-Me filed its motion to conduct a written survey to determine whether a CAFA exception applied. [Doc. 265]. Plaintiffs opposed this motion and argued that the survey would be futile and that "any future CAFA motion would be untimely." [Doc. 280]. In October 2013, the Court denied Sho-Me's motion to conduct a survey. [Doc. 300]. Thereafter, Sho-Me sent their survey to landowners whose easements were originally included in the putative class, but excluded from the class certified by the Court. On February 15, 2014, Sho-Me finally filed the present motion seeking dismissal

of this case pursuant to the "local controversy" and "home state" exceptions to CAFA. [Doc. 342]; [Doc. 376].[1]

**II.     Discussion**

"CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 818, 822 (8th Cir. 2010).  A federal court has subject matter jurisdiction in CAFA actions when the amount in controversy exceeds $5,000,000 in the aggregate, minimal diversity exists among the parties, and there are at least 100 members in the class.  *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011).  CAFA provides that "[a] district court shall decline to exercise jurisdiction" if either the "local controversy" or "home state" exceptions apply.  *Id.*; 28 U.S.C. § 1332(d)(4).  The provision providing that a district court shall decline to exercise jurisdiction operates as an abstention doctrine and does not divest the district court of subject matter jurisdiction. *Graphic Commc'ns*, 636 F.3d at 973; *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011).

The party seeking removal or dismissal has the burden to establish that one of CAFA's jurisdictional exceptions applies.  *Id.*  CAFA contains no time limit for when remand or dismissal motions must be made, but the Eighth Circuit has held that the "anytime-before-judgment" standard applicable to subject matter jurisdiction motions does not apply.  *Graphic Commc'ns*, 636 F.3d at 975-76.  Instead, motions pursuant to

---

[1] Sho-Me filed their original motion to dismiss pursuant to CAFA exceptions on February 15, 2014. [Doc. 342].  Because of deficiencies within the supporting suggestions, Sho-Me withdrew their motion and re-filed an amended motion on March 13, 2014. In considering the timeliness of Sho-Me's motion, the Court will use the February 2014 date as the date the motion was filed.

3

CAFA exceptions must be made within a reasonable time or they are waived. *Id.* at 976; *see also Gold v. New York Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013); *Calingo v. Meridian Res. Co. LLC*, 2011 WL 3611319 at *5-6 (S.D.N.Y. 2011).

Sho-Me's motion to dismiss pursuant to the "local controversy" and "home state" exceptions was not made within a reasonable time and is therefore, waived. More than twenty-six months have passed since this case was filed in federal court and more than twenty months have passed since the Court denied Sho-Me's motion to transfer venue, which was the order Sho-Me stated it was waiting for before filing its own CAFA exception motion, [Doc. 43, at p. 1]. *See Calingo*, 2011 WL 3611319 at * 6 (holding that motion to remand based on CAFA exception, filed eighty-seven days after removal, was "too long and is unreasonable" and therefore waived).

In support of a finding of timeliness, Sho-Me cites to the district court's decision on remand in *Graphic Communications*. *See Graphic Commc'ns*, 2011 WL 5826687 (D. Minn. 2011), *report and recommendation adopted sub nom. Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 2011 WL 5827182 (D. Minn. 2011). After determining that a CAFA jurisdictional exception motion must be made within a reasonable time, the Eighth Circuit remanded the case for a determination of whether a 100 day delay was reasonable. *Id.* at * 7-8. In determining that the delay was reasonable, the Minnesota district court considered when the moving party "was or should have been aware of the basis for remand" and the "stage of the litigation when the motion to remand" was filed. *Id.* at *6-7. The district court determined that the plaintiffs did not know that they had a reasonable basis for pursing remand until another district court

"issued an order *sua sponte*, remanding back to state court a case very similar to the instant matter." *Id.* at * 1, 7. The court further determined that the case was "still in its infancy," remarking that discovery had not started, no pretrial conference had been held, and the court had not invested substantial resources in the case. *Id.* at * 9.

Not only is the delay in this case substantially more than in *Graphic Communications* – twenty-six months versus approximately three months – but the stage of litigation is significantly further along. Discovery has been extensive and in progress for months. The Court and the Parties have invested hundreds of hours on motions to dismiss, a motion to sever, issues of class certification, and motions for summary judgment, as well as many ongoing procedural details It would be prejudicial to the Plaintiffs and would waste judicial resources to grant dismissal at this late stage.

Further, Sho-Me has not provided a persuasive reason for its lengthy delay. Its justification is that it filed its motion to conduct a jurisdictional survey as soon as possible, after the Third Circuit's decision in *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497 (3d Cir. Aug. 16, 2013). In *Halcon*, the Third Circuit determined that the "no other class action within three years" requirement of the "local controversy" exception was not defeated by the previous filing of a nearly identical case with the same parties which was voluntarily dismissed and re-filed. *Id.* at 508-509. Sho-Me argues that like the moving party in *Graphic Communications*, it was only after the decision in *Halcon* that they learned they had a reasonable basis for pursing dismissal. [2] However,

---

[2] This argument would suggest that KAMO did not have a reasonable basis for filing its motion, but that would be contrary to Sho-Me's own endorsement that the motion was "well-founded"

5

even though Sho-Me's motion to conduct a survey was filed after the decision in *Halcon*, Sho-Me filed a notice of intent to conduct the survey on July 19, 2013. [Doc. 253]. This notice was filed before the *Halcon* decision, and so it appears Sho-Me's reliance on this new case law for its delay is pretextual. Further, *Halcon* does not newly interpret the "home state" exception, which Sho-Me argues is equally applicable, and Sho-Me has cited no reason for why it took until August 2013 (when it requested leave to conduct a survey) to form a reasonable basis for dismissal on the "home state" grounds.

Sho-Me also cites to *Gold*, 730 F.3d at 142-43, where the Third Circuit affirmed a district court's determination that a three year delay was reasonable. In *Gold*, the district court determined the delay was reasonable in light of a complicated, bifurcated discovery schedule imposed by the court. *Id.* at 142. The party seeking remand argued that it learned only through the second stage of class discovery, the first stage being individual discovery, that more than two-thirds of the class members were citizens of the state where the case was filed. *Id.* Expressing skepticism that "nearly three years is a reasonable time" for the party – an employer – to determine where its employees lived, the Third Circuit nonetheless affirmed the district court, remarking that its review was for abuse of discretion. *Id.* at 142-43.

Discovery was not bifurcated in this case, and as evidenced by Sho-Me's support of KAMO's motion to dismiss pursuant to the "local controversy" exception, Sho-Me believed as early as February 2012 that the exception should apply. Sho-Me argues that like the moving party in *Gold*, "a multi-year series of decisions by this Court, running through October 2013, delayed or prevented the Sho-Me Defendants from starting the

6

expert study needed for this jurisdictional motion." [Doc. 377, at p. 10]. Sho-Me contends that the Court's orders denying KAMO's motion to dismiss, granting Sho-Me's motion for partial summary judgment against plaintiff Chase Barfield, denying both sets of Defendants' motions to sever, granting Plaintiffs motion for class certification, and denying Sho-Me's motion to conduct a jurisdictional survey were all "constraining" decisions that prevented them from filing a timely motion. However, other than the order denying Sho-Me's motion to conduct a jurisdictional survey, which was filed almost twenty-one months after the lawsuit commenced, none of these decisions prevented Sho-Me from conducting discovery into the citizenship of the class members. Sho-Me has had access to the easements relevant to this case since the commencement of the lawsuit and has used mapping technology to determine the exact location of its fiber-optic cables. With these tools, Sho-Me could have conducted research and filed a motion to dismiss early in the litigation, but instead, waited until August 2013 to ask for permission to conduct a survey and until February 2014 to file the motion to dismiss. Indeed, Sho-Me's early decision to not join in KAMO's Motion to Dismiss and to not pursue the issue until shortly after the putative class was certified, strongly suggests a litigation strategy to wait until the class certification issue was resolved before challenging jurisdiction. Had the class certification issue been resolved in Sho-Me's favor, the Court has no doubt that Sho-Me would not now be challenging CAFA jurisdiction.

Sho-Me also argues that the Court should have declined to exercise CAFA jurisdiction *sua sponte*. In support of this argument, Sho-Me cites to *Bey v. SolarWorld Indus. America, Inc.*, 904 F.Supp.2d 1103 (D. Or. 2012). In *Bey*, without either party

raising a motion to dismiss on jurisdiction grounds, the Oregon district court ordered *sua sponte* the parties in that case to show cause why the CAFA exceptions did not apply. *Id.* at 1099, 1101-2. However, *Bey* is contrary to the Eighth Circuit's decision in *Graphic Communications*, which requires a court to consider timeliness of a motion in determining whether a case should be remanded or dismissed pursuant to a CAFA jurisdiction exception. *See Graphic Commc'ns*, 2011 WL 5826687 at *4 (D. Minn. 2011) (rejecting argument that "abstention based remands can never be untimely because they can be raised *sua sponte*" because it is contrary to Eighth Circuit's decision in *Graphic Communications*, 636 F.3d 971 (8th Cir. 2011)).

Considering the ample time Sho-Me has had to file the present motion, the advanced stage of litigation, and the time and resources expended by the Court and Parties, Sho-Me's twenty-six month delay is unreasonable. Because the motion was not filed within a reasonable time, the Court will not consider Sho-Me's substantive arguments regarding the applicability of the "local controversy" or "home state" exceptions to CAFA jurisdiction.

## III. Conclusion

For the reasons set forth above, Sho-Me's Motion to Dismiss, [Doc. 376], is DENIED.

s/ Nanette K. Laughrey

NANETTE K. LAUGHREY
United States District Judge

Dated: April 4, 2014
Jefferson City, Missouri