UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CHASE BARFIELD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-4321-NKL |
| | ) | |
| SHO-ME POWER ELECTRIC | ) | |
| COOPERATIVE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER PRELIMINARILY APPROVING KAMO-KPN CLASS SETTLEMENT AGREEMENT AND APPROVING FORM AND MANNER OF NOTICE**

Counsel for Plaintiffs and Defendants KAMO Electric Cooperative, Inc. and K-PowerNet, LLC (collectively "KAMO-KPN") have moved under Federal Rule of Civil Procedure 23(e) for an order (1) preliminarily approving a class settlement on the terms and conditions set forth in the KAMO Class Settlement Agreement (the "Settlement Agreement") and (2) approving forms and a program for class notice. Terms capitalized herein and not defined shall have the meanings ascribed to them in the Settlement Agreement. The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, and all exhibits attached thereto, and has heard the presentations of counsel appearing with respect thereto. On the basis thereof, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the subject matter of this Action and jurisdiction over the Parties.

2. If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been entered into.

3. The terms and conditions set forth in the Settlement Agreement, including the provision for substantial cash payments to be made by KAMO-KPN to KAMO Class Members who become Qualified Claimants in return for the Easement Deed by Court Order in Settlement of Landowner Action, and including the Fee Award to Class Counsel proposed the Settlement Agreement, place the Settlement Agreement within the range of fair and reasonable settlements, making appropriate further consideration at a hearing held pursuant to notice to the Settlement Class. The Court therefore preliminarily approves the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

4. A hearing (the "Fairness Hearing") shall be held on January 16, 2015, at 8:30 a.m. before the undersigned in Courtroom No. 4B, United States Courthouse, 80 Lafayette Street, Jefferson City, Missouri 65101. The hearing will be adjourned on January 16 and reconvened in the same Courtroom on January 23, 2015 at 8:30 a.m. so that the Court may consider any objections from KAMO Class Members filed before that date. The date of the Fairness Hearings will be included in the Settlement Notice and Summary Notice. The purpose of the Fairness Hearings will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine whether an order and judgment should be entered dismissing the claims of the Class Members against KAMO and bringing the litigation of

those claims to a conclusion; and (c) consider other Settlement-related matters and appropriate attorneys' fees. The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Class Members, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to Class Members.

5. The Court appoints Straup Solutions, LLC, of Dallas, Texas, to serve as Claims Administrator.

6. The Court has reviewed the Settlement Notice and the Summary Notice, attached to the Parties' joint Motion for Preliminary Approval of the KAMO Class Settlement Agreement. The Court approves as to form the Settlement Notice and the Summary Notice. The Court also approves the method of directing notice to KAMO Class Members, as set forth in paragraphs 7 and 8 below.

7. As soon as practical, the Claims Administrator shall prepare and cause individual copies of the Settlement Notice to be sent by United States Mail, first class postage prepaid, to members of the KAMO Class. The Claims Administrator also shall mail copies of the Settlement Notice to any other potential KAMO Class Members who request copies or who otherwise come to its attention.

8. As soon as publication schedules practically permit, the Claims Administrator shall cause the Summary Notice, the content of which shall be substantially as set forth in Exhibit B to the Declaration of Shannon Wheatman, to be published, as set forth in the plan of publication contained in the Wheatman Declaration, which Plaintiffs filed on December 4, 2014.

3

Case 2:11-cv-04321-NKL   Document 541   Filed 12/05/14   Page 3 of 8

9. The Court finds that the foregoing plan for notice to KAMO Class Members will provide the best notice practicable under the circumstances, and is in compliance with the requirements of Rule 23 and applicable standards of due process.

10. Prior to the Fairness Hearing, counsel for KAMO-KPN and counsel for Plaintiffs shall jointly file with the Court an affidavit from a representative of the Claims Administrator confirming that the plan for disseminating the Settlement Notice and the Summary Notice has been accomplished in accordance with the provisions of paragraphs 7 and 8 above.

11. Pursuant to the litigation notice plan that was implemented in accordance with this Court's May 14, 2014 Order approving Plaintiffs' Motion for Approval of Proposed Plan of Notice and of Proposed Forms of Notice, Class Members had until September 8, 2014 to exclude themselves from the litigation ("opt out"). Under the Parties' Settlement Notice and Summary Notice program, KAMO Class Members will not be given an additional opportunity to exclude themselves from the Settlement Agreement. KAMO Class Members who did not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable, regardless of whether they submit a Claim Form to the Claims Administrator. KAMO Class Members who did submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim Form to the Claims Administrator. The

Settlement Agreement does not apply to claims that Class Members may have against Sho-Me Power Electric Cooperative or Sho-Me Technologies, LLC that are based on the installation and use of fiber-optic cable on Sho-Me Power's electric-transmission lines ("Sho-Me Claims"). Class Members may not submit a claim form to the Claims Administrator for Sho-Me Claims under this Settlement Agreement, and the terms of the Settlement Agreement and any orders or judgments subsequently entered in the Action that approve, change, modify, alter, clarify or enforce the Settlement Agreement will not be binding on Class Members as to any Sho-Me Claims.

12. This Court finds that it has the authority under Federal Rule of Civil Procedure 70 and as provided in the Settlement Agreement to direct all KAMO Class Members who own a current interest in a Qualifying Parcel and who have not requested exclusion from the litigation, regardless of whether they file a Claim Form for Benefits, to grant an Easement Deed by Court Order in Settlement of Landowner Action to KAMO, as provided in the Settlement Agreement. KAMO Class Members shall be advised in the Settlement Notice and Summary Notice of the Court's authority to enter an Easement by Court Order in Settlement of Landowner Action.

13. Under the proposed Settlement Notice and Summary Notice program, KAMO Class Members will be given the opportunity to submit objections to the Settlement Agreement. KAMO Class Members who did not request exclusion may submit written comments on or objections to the Settlement Agreement or other Settlement-related matters (including attorneys' fees). KAMO Class Members who receive the Settlement Notice because they are included in the database maintained by the Claims Administrator

5

prior to the initial mailing of the Settlement Notice may file objections or requests to appear at the January 16, 2015 Final Fairness Hearin so that they are received by the Court by January 12, 2015. KAMO Class Members whose first notice of the Settlement is the published Summary Notice may file objections or requests to appear at either scheduled Final Fairness Hearing so long as the objection or request to appear is received by the Court by January 22, 2015 or the KAMO Class Member is present at the January 23, 2015 hearing when it convenes. Any KAMO Class Member who did not request exclusion may also attend the Fairness Hearing, in person or through counsel, and if the KAMO Class Member has submitted written objections, may pursue those objections. No KAMO Class Member, however, shall be entitled to contest the foregoing matter in writing and/or at the Fairness Hearing unless the KAMO Class Member has, by the dates set forth above, served copies of the statement of objection, together with any supporting brief and all other papers the KAMO Class Member wishes the Court to consider (which must include the name and number of this case), and a notice of appearance from any counsel for the KAMO Class Member who intends to appear at the Fairness Hearing, provided, however, that counsel is not necessary as the KAMO Class Member may appear and personally object. Any such objection, brief, notice of appearance, or other related document must be filed with the Court at the following address:

> United States Courthouse
> 80 Lafayette Street
> Jefferson City, Missouri 65101

and served on the following representative of Class Counsel:

> KAMO Fiber-Optic Litigation

>P.O. Box 0000
>Dallas, TX 75222

and on the following representative of KAMO:

>Jean Paul Bradshaw
>LATHROP & GAGE LLP
>2345 Grand Avenue, Suite 2200
>Kansas City, MO 64108-2618

Each statement of objection must identify (a) the name and address of the KAMO Class Member, (b) the name and address of the KAMO Class Member's counsel, if any, and, (c) in order to confirm KAMO Class Member status, the legal description of the KAMO Class Member's Eligible Parcel. Unless otherwise directed by the Court, any KAMO Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection.

14. Prior to the Fairness Hearing, the Parties shall confer and work together in good faith to use KAMO's GIS data and easements to agree on a final list showing which parcels are Eligible Parcels and for which Tier of Benefits each Eligible Parcel qualifies. Any disputes arising out of this process shall be brought before and decided by a Magistrate Judge whose determination will be final.

15. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action that are related to KAMO, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

16. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as

nullified and the steps and actions taken in connection with the proposed Settlement Agreement (including this Order (except as to this paragraph) and any judgment entered herein) shall become void and have no further force or effect. In such event, the Parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

17. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of the KAMO Class Representatives, Class Counsel, KAMO, any KAMO Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses.

18. The Court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 5, 2014
Jefferson City, Missouri