UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHASE BARFIELD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-4321NKL |
| ) | |
| SHO-ME POWER ELECTRIC ) | |
| COOPERATIVE, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND JUDGMENT APPROVING KAMO-KPN CLASS SETTLEMENT AGREEMENT
AND DIRECTING NOTICE OF FINAL APPROVAL

WHEREAS, the KAMO Class Representatives, through Class Counsel, and Defendants KAMO Electric Cooperative, Inc. and K-PowerNet, LLC (collectively "KAMO-KPN") entered into a KAMO-KPN Class Settlement Agreement (the "Settlement Agreement"), as of December 4, 2014 (terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement); and

WHEREAS, on July 25, 2013, the Class was certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure and Class Counsel were appointed to represent the Class, [Doc. #254];

WHEREAS, Plaintiffs and KAMO filed cross-motions for summary judgment based on an appendix which summarized and catalogued easements into categories based on the language contained in the easements;

WHEREAS, on March 31, 2014, this Court, inter alia: (1) granted Plaintiffs' Motion for Summary Judgment on the Issue of Defendants' Liability as to claims involving Category 1A-1C easements; (2) denied Plaintiffs' Motion for Summary Judgment on the Issue of Defendants' Liability as to claims involving Category 1D-1E, 2A-2B, and 3 easements; (3) granted KAMO-KPN's Motion for Summary Judgment Against Plaintiff Chase Barfield; (4) granted KAMO-

1

KPN's Motion for Summary Judgment on the Issue of Liability as to claims involving Category 1D, 2A-2B, and 3 easements; (5) denied KAMO-KPN's Motion for Summary Judgment on the Issue of Liability as to claims involving Category 1A-1C and 1E easements; and (6) granted in part and denied in part Sho-Me's Motion for Summary Judgment Against the KAMO Class Members;

WHEREAS, notice of the litigation was provided to the Class pursuant to the plan approved by the Court's order dated May 14, 2014 [Doc. #419];

WHEREAS, Persons fitting the definition of the Class were given until September 8, 2014 to exclude themselves (opt out) from, or to object to, the Action under Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure;

WHEREAS, KAMO-KPN and Plaintiffs in the Action moved under Rule 23(e) for an order preliminarily approving the proposed settlement of the KAMO Class Members' claims in accordance with the Settlement Agreement and approving the form and plan of notice as set forth in the Parties' joint Motion for Preliminary Approval of the KAMO-KPN Class Settlement Agreement;

WHEREAS, in its Order entered on December 5, 2014 (the "Preliminary Approval Order"), the Court provisionally ordered that this Action may be settled as a class action;

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement Agreement to KAMO Class Members and directed that appropriate notice of the Settlement Agreement be given to KAMO Class Members;

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) the Claims Administrator caused to be mailed to KAMO Class Members the Settlement Notice on December 10 and 12, 2014 and caused to be published the Summary

2

Notice; (2) a Declaration Concerning Administrative Services, Objections and Opt-Outs was filed with the Court prior to this hearing; and (3) the Declaration Concerning Administrative Services, Objections and Opt-Outs filed with this Court demonstrates compliance with the Preliminary Approval Order with respect to the Settlement Notice and the Summary Notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on January 16 and 23, 2015, at 8:30 a.m., this Court held hearings on whether the Settlement Agreement is fair, reasonable, adequate and in the best interests of the KAMO Class (the "Fairness Hearings"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Parties and of such persons as chose to appear at the Fairness Hearings; having considered all of the files, records, and proceedings in the Action, the benefits to the KAMO Class under the Settlement Agreement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, KAMO Class Members, and KAMO-KPN.

2. The KAMO Class Representatives and their counsel fairly and adequately represent the interests of the KAMO Class Members in connection with the Settlement Agreement.

3. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the KAMO Class Representatives and their counsel, and KAMO-KPN and their counsel, and the KAMO Class Representatives and KAMO-KPN were each represented by capable and experienced counsel.

4. The form, content, and method of dissemination of the notice given to KAMO Class Members, including both published notice and individual notice to all KAMO Class Members who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

5. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of KAMO Class Members, and is approved in all respects, and the parties to the Settlement Agreement are directed to perform and satisfy the terms and conditions of the Settlement Agreement.

6. KAMO Class Members shall be permitted to make claims for the Benefits described in the Settlement Agreement, subject to the conditions and limitations stated herein.

7. The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

8. After this Order and Judgment has become Final and an order awarding attorneys' fees to Class Counsel with respect to the Settlement Agreement becomes Final (hereafter "the Effective Date"), KAMO-KPN and all other Released Parties shall be released from any and all Communications Claims that any Class Member (and all successors in interest) had, has, or may have in the future, against KAMO-KPN or any other Released Party. This Release may be enforced by any Released Party.

9. All Communications Claims of any Class Member (and the successors in interest of all members of the KAMO Class) against KAMO-KPN are hereby dismissed. Upon the Effective Date, such dismissal shall be with prejudice.

10. Upon the Effective Date, all Class Members (and the successors in interest of all members of the KAMO Class) shall be barred and permanently enjoined from instituting, asserting, or prosecuting against KAMO-KPN or any other Released Party any and all Communications Claims they have, had, or may have in the future, against KAMO-KPN or any other Released Party, except any claims for enforcement of the Settlement Agreement.

11. The various Claim Forms and the Easement Deed by Court Order in Settlement of Landowner Action, set forth as Exhibits E(1) – (4) and F, respectively, to the Settlement Agreement, are approved. In order to receive Benefits under the Settlement Agreement, all KAMO Class Members must comply with the requirements for making and documenting a Claim that are set forth in that Settlement Agreement.

12. Pursuant to its authority under Federal Rule of Civil Procedure 70, on this date the Court has executed the Easement Deed by Court Order in the Settlement of Landowner Action. Upon the Effective Date, KAMO-KPN may, at their option and cost, submit for recording of public record in any Missouri county Recorder's Office for each county in Missouri where Eligible Parcels are located an Easement Deed by Court Order in Settlement of Landowner Action entered contemporaneously with this Order and Judgment, which shall comply with state and local recording laws and form, as provided in Section V.B of the Settlement Agreement. The Court retains jurisdiction, as provided pursuant to Section VII.C of the Settlement Agreement, and may enter supplemental orders and judgments to change, modify, alter, or clarify any Easement Deed by Court Order in Settlement of Landowner Action to effectuate the recordation of the Easement Deed by Court Order in Settlement of Landowner Action and to ensure it and any supplemental orders and judgments comply with state and local recording laws for each county where such supplemental orders are to be recorded.

13. The expenses of administering the Settlement Agreement shall be paid from the Administrative Account in the manner set forth in the Settlement Agreement.

14. The Claims Administrator shall operate under the continuing supervision and jurisdiction of the Court and shall have the immunities and attributes of a judicial officer with respect to its administrative functions.

15. Upon the Effective Date, the Released Parties shall be released by all Class Members from any and all claims, damages, costs, expenses, and other liabilities of every kind and nature whatsoever as a result of or in any way in connection with the filing, recordation, or indexing of the Easement Deed by Court Order Deed in Settlement of Landowner Action, or notice thereof, except claims to enforce the Settlement Agreement and/or this Order.

16. It is hereby declared, adjudged, and decreed that, upon the Effective Date, the Settlement Agreement provides the exclusive remedy for any and all Communications Claims of KAMO Class Members (and any successors in interest) against KAMO and any and all other Released Parties.

17. Upon the Effective Date, all claims against the KAMO Class Representatives, or their counsel or any of them, arising out of, relating to, or in connection with the Action shall be released by KAMO-KPN and their counsel, and they shall be permanently enjoined and barred from instituting, asserting, or prosecuting any and all claims arising out of, relating to, or in connection with the Action that KAMO-KPN or their counsel or any of them had, have, or may in the future have against the KAMO Class Representatives or their counsel, except claims to enforce the Settlement Agreement and/or this Order.

18. Upon the Effective Date, all KAMO Class Members (and all successors in interest), whether or not they file a Claim for Benefits, shall be permanently enjoined and barred

from instituting, asserting or prosecuting, either directly or as a class representative, any Communications Claims.

19. The form of the Notice of Final Approval of Settlement, set forth as Exhibit D to the Settlement Agreement, is approved. Upon this Order and Judgment becoming Final, the Claims Administrator shall within thirty (30) days thereafter cause the Notice of Final Approval Package to be sent by United States mail, first class postage prepaid, to all KAMO Class Members who have been identified, who requested copies, or who otherwise came to the Claims Administrator's attention.

20. Any claims by KAMO-KPN against any insurers or other third parties for contribution, indemnification, or insurance benefits, are not barred, released, or otherwise affected by the Settlement Agreement or this Order and Judgment.

21. Incentive awards to the KAMO Class Representatives in the following amount are reasonable and are approved: Chase Barfield: $8,000; and J. Carol and Rowena Hutchens: $8,000 jointly.

22. Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed one-third of the gross value of the Settlement Agreement, into the account of Class Counsel's choosing no later than ten (10) days after the date on which the Order and Judgment becomes Final.

23. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the Parties to the Settlement Agreement, including KAMO-KPN and all KAMO Class Members, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

24. If this Order and Judgment is not a final judgment as to all claims presented against KAMO in the Action, the Court hereby determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the appeal of all claims as to which final judgment is entered.

                                              s/ Nanette K. Laughrey  
                                              NANETTE K. LAUGHREY  
                                              United States District Judge

Dated: June 1, 2015  
Jefferson City, Missouri