UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CHASE BARFIELD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-4321NKL |
| | ) | |
| SHO-ME POWER ELECTRIC | ) | |
| COOPERATIVE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**EASEMENT DEED BY COURT ORDER IN SETTLEMENT OF LANDOWNER ACTION**

WHEREAS, KAMO Electric Cooperative, Inc. ("KAMO"), K-PowerNet, LLC, ("K-PowerNet") and their predecessors, successors, subsidiaries, and assigns (collectively the "KAMO-KPN") and KAMO Class Representatives and the KAMO Class, parties to the above-captioned class action (the "Action"), entered into a Settlement Agreement as of December 4, 2014, (the "Settlement Agreement") ; and

WHEREAS, on June 1, 2015, the Court entered a final Order and Judgment approving the Settlement Agreement and ordering that this Action may be settled as a class action on behalf of the following class (the "KAMO Settlement Class"), defined as:

> All Persons who own or owned land in Missouri for any period of time during a Compensation Period underlying KAMO Electric Cooperative, Inc.'s electric-transmission lines that is burdened by an easement with KAMO Electric Cooperative, Inc. or K-PowerNet, which easement does not contain an arbitration clause, and on or in which a KAMO Defendant has licensed the fiber-optic cable for commercial-telecommunications uses or has used the fiber-optic cable for commercial telecommunications uses, *provided*, that the "KAMO Settlement Class" or "Class" does not include: (1) federal, state, and local governmental entities; (2) Native American nations and tribes; (3) the undersigned; (4) any Person who owns or owned land only underlying public streets or highways; (5) any Person who receives, directly from KAMO, commercial telecommunications service through a Telecommunications Cable System or (6) any Person who filed a valid and timely exclusion in this case on or before September 8, 2014.

Members of the KAMO Settlement Class are referred to below as KAMO Class Members;

WHEREAS, the Settlement Agreement provides for the payment of compensation to KAMO Class Members according to the terms of the Settlement Agreement and the entry of an Easement Deed by Court Order in Settlement of Landowner Action by which K-PowerNet acquires, to the extent that KAMO Class Members have the right to transfer it, a permanent commercial communications easement in the Electric-Transmission Right of Way on the property of each KAMO Class Member;

WHEREAS, for each county in which this Easement Deed by Court Order in Settlement of Landowner Action is being recorded, a list of KAMO Class Members' affected parcels is attached as Exhibit 1 ("Affected Parcels");

WHEREAS, each Affected Parcel is burdened by an easement where KAMO or its predecessor in interest is the grantee ("Electric-Transmission Easement") and where aerial fiber-optic cable has been installed and used, at least in part, to transmit commercial communications over the Electric-Transmission Easement;

WHEREAS, the "Easement Premises" means only that real property that: (a) is included within an Affected Parcel; (b) is burdened by an Electric-Transmission Easement; (c) is the length and width or area specified in the Electric-Transmission Easement; and (d) has been used by KAMO-KPN to install a Communications System (as hereafter defined);

WHEREAS, that pre-existing Electric-Transmission Easement for the Easement Premises defines the respective rights of KAMO and the KAMO Class Member on the Easement Premises and those rights are not diminished or expanded by this Easement Deed by Court Order in Settlement of Landowner Action except with respect to K-PowerNet's rights to use the Easement

2

Premises for commercial communication purposes as set out below under the same terms as apply to KAMO under its Electric-Transmission Easement with respect to use for electric purposes;

THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. To the extent that each KAMO Class Member owns rights in the Easement Premises, the KAMO Class Member (the "Grantor") hereby grants to K-PowerNet, LLC ("K-PowerNet"), together with its successors, lessees, licensees, and assigns (the "Grantee"), a permanent and perpetual easement and right of way for commercial communication purposes in the Easement Premises (hereinafter, together with the rights and privileges herein granted, the "Easement") on the same terms, and with K-PowerNet having the same rights in the Easement Premises, as KAMO has under the Electric-Transmission Easement.

2. The Easement grants K-PowerNet the right, privilege, and authority to enter upon said Easement Premises and make use thereof for commercial communication purposes, including the right to construct, alter, reconstruct, install, replace, repair, patrol, maintain, own, lease, license and operate thereon communications equipment, or other components and appurtenances of a primarily above-ground communication system (this includes optical and electronic equipment and related facilities—including those made possible by future technological developments—through which voice, data, information, video or other signals are transmitted) (all of the above and the remainder of this paragraph collectively referred to as the "Communications System") on, over or upon the Easement Premises and to use that Communications System for commercial communications purposes in addition to electric transmission purposes. The Communications System shall primarily be aerial and located on the structures for KAMO's transmission system or such structures as may be required for the

3

Communications System if KAMO ceases to maintain its electric-transmission structures for any reason, but in any event, K-PowerNet's Communications System shall not further restrict Grantor's surface or subsurface use of the Easement Premises or the Affected Parcel beyond the restrictions imposed by KAMO's use of its Electric-Transmission Easement.

3. The Easement includes the right of ingress and egress to, from, over and across the Easement Premises. If the Electric-Transmission Easement grants KAMO additional rights of ingress and egress to, from, over and across the Affected Parcel, this Easement grants the same additional rights to K-PowerNet for its use.

4. The Easement shall not include the right to construct microwave towers or cellular towers on the Easement Premises or to construct regenerator huts and similar structures ("Buildings") in addition to those existing on December 5, 2014. The Easement shall include the rights to repair and replace existing Buildings, provided, however, that no such repair or replacement shall increase the area that the Buildings occupy or the height of any Building.

5. The Easement includes all rights necessary to the lawful occupation of the Easement Premises by an existing Communications System that is or was constructed, installed, licensed, or used by or on behalf of Grantee in the Easement Premises and that is owned, operated, licensed, or used by Grantee.

6. It is understood and agreed that the Easement is not exclusive and is subject to all pre-existing uses and pre-existing rights to use the Easement Premises, whether such uses are by Grantor, Grantee, or others. It is further understood and agreed that Grantor retains all of its existing rights, if any, to grant, convey, assign, and restrict any and all rights (including future rights and uses) on the Easement Premises, provided, however, and notwithstanding the foregoing, that Grantor shall not use or authorize others to use the Easement Premises in a

manner that interferes with or impairs in any way (a) Grantee's Communications System or (b) the exercise by Grantee of the rights granted under this Order.

7. Subject to the terms hereof, Grantee shall have all other rights and benefits necessary or useful to the full and complete enjoyment and use of the Easement for the purposes stated herein, including the perpetual right, privilege and authority to license, permit or otherwise agree to the use or occupancy of the Communications System by another party and the exercise of any rights contained herein by another party for communications purposes.

8. This Easement Deed by Court Order in Settlement of Landowner Action is executed and delivered on behalf of Grantor for the purpose of granting the Easement to Grantee on or over the Easement Premises to the full extent of Grantor's right, title, or interest, if any, in or to the Easement Premises, and the Easement granted hereby shall affect the Easement Premises only to the extent of Grantor's right, title, and interest therein. Grantor conveys the Easement without warranty of title to any property interest in the Easement Premises. Grantor and Grantee agree that this Easement Deed by Court Order in Settlement of Landowner Action shall not grant any rights to the Easement Premises, or any portion thereof, in which Grantor holds no right, title, or interest.

9. The terms and provisions of this Order shall constitute covenants running with the land and shall be binding upon and inure to the benefit of the Grantee, the Grantor, their successors, assigns, personal representatives, and heirs.

10. No delay in exercising any or all rights granted herein to the Grantee shall be interpreted to be a surrender of any of the said rights or abandonment of the easement granted.

11.     This Order fully sets forth the terms and conditions of the Easement. There are no oral or other written agreements between Grantor and Grantee that modify, alter, or amend this Order.

12.     If a certified copy of this Order is requested for filing with the recorder of deeds in a particular county, the Clerk's Office is ordered to produce a certified copy of this Order attaching only the portion of Exhibit 1 that applies to that county.

TO HAVE AND TO HOLD the Easement, rights and privileges unto Grantee, its successors and assigns in perpetuity or until such time as Grantee shall cause the Easement to be released of record.

K-PowerNet may record this Easement under the terms and conditions set forth in the Settlement Agreement.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  June 1, 2015  
Jefferson City, Missouri