UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHASE BARFIELD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:11-cv-4321NKL |
| | ) |
| SHO-ME POWER ELECTRIC | ) |
| COOPERATIVE, et al., | ) |
| | ) |
| Defendants. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO CLASS COUNSEL**

Pending before the Court is a motion for an award of attorneys' fees and expenses to Class Counsel under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2). [Doc. 556.] Under Federal Rule of Civil Procedure 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, and GRANTS the request for fees and expenses to Class Counsel:

1. This class-action settlement resolves a property-rights dispute. The dispute arises out of the use for commercial telecommunications of fiber-optic cable on electric-transmission lines by KAMO Electric Cooperative, Inc. and K-PowerNet, LLC (collectively, "KAMO-KPN"). The claims resolved by the KAMO-KPN Class Settlement Agreement affect parcels of land in Missouri covering approximately 933 miles of rights of way throughout the state.

2. On July 25, 2013, the Court entered an order certifying the following class with claims against Defendants Sho-Me Power Electric Cooperative and its subsidiary, Sho-Me Technologies, LLC, and KAMO Electric Cooperative, Inc. and its subsidiary, K-PowerNet, LLC:

> All persons who own or owned land in Missouri underlying Defendants' electric-transmission lines that is burdened by an easement with either Defendant or their subsidiaries, which easement does not contain an arbitration clause, and on or in which a Defendant has licensed the fiber optic cable for commercial-telecommunication uses or has used the fiber optic cable for commercial-telecommunication uses.

[Doc. 254 at 34-35.] On July 1, 2014, the Class Administrator mailed notices of the litigation to 9,567 property owners along Defendants' electric-transmission lines in Missouri containing fiber-optic cable, and opened a telephone call center and website to provide information on the case to interested class members. [Doc. 534 at 2-3.]

3. After the class was certified, Plaintiffs and KAMO-KPN filed cross-motions for summary judgment based on an appendix which summarized and catalogued easements into categories based on the language contained in the easements. On March 31, 2014, this Court, inter alia: (1) granted Plaintiffs' Motion for Summary Judgment on the Issue of Defendants' Liability as to claims involving Category 1A-1C easements; (2) denied Plaintiffs' Motion for Summary Judgment on the Issue of Defendants' Liability as to claims involving Category 1D-1E, 2A-2B, and 3 easements; (3) granted KAMO-KPN's Motion for Summary Judgment Against Plaintiff Chase Barfield; (4) granted KAMO-KPN's Motion for Summary Judgment on the Issue of Liability as to claims involving Category 1D, 2A-2B, and 3 easements; (5) denied KAMO-KPN's Motion for Summary Judgment on the Issue of Liability as to claims involving Category 1A-1C and 1E easements; and (6) granted in part and denied in part Sho-Me's Motion for Summary Judgment Against the KAMO Class Members. [Doc. 396.]

4. On December 5, 2014, Plaintiffs and KAMO-KPN moved under Rule 23(e) for an order preliminarily approving the proposed settlement of the KAMO Class Members' claims in accordance with the KAMO-KPN Class Settlement Agreement and approving the form and plan of notice of the proposed settlement. [Doc. 540.]

2

5.      On December 5, 2014, the Court entered an order preliminarily approving the KAMO Settlement and approving the form and manner of notice. [Doc. 541.] On December 10, 2014, the Class Administrator mailed notices of the KAMO Settlement to 4,721 property owners along KAMO Electric Cooperative's electric-transmission lines in Missouri containing fiber-optic cable, and opened a separate Settlement call center and website to provide information on the proposed KAMO Settlement to KAMO Class Members. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $2,166,667.

[Ex. 2 to Doc. 540-3 at ¶ 22.] The notice further advised that the Court would hold Fairness Hearings at 8:30 a.m. on January 16, 2015 and January 23, 2015, at which time the Court would "consider how much to pay Class Counsel." [*Id*. at ¶ 24.] On January 16, 2015 and January 23, 2015, the Court held the final Fairness Hearings.

6.      The KAMO-KPN Class Settlement Agreement provides in pertinent part:

> 1.  Class Counsel will file an application for a Fee Award in an amount not to exceed Two Million, One-Hundred Sixty-Six Thousand, Six Hundred Sixty-Seven Dollars ($2,166,667) or one-third of the gross value of the Agreement ($6,500,000). KAMO-KPN will not object to Class Counsel's application for a Fee Award. The fees approved pursuant to this Section will be the only legal fees of Class Counsel payable by KAMO-KPN in connection with the Action and will include all legal services rendered by Class Counsel in administering this Agreement. The Fee Award shall be paid from the Settlement Fund.
>
> 2.  Class Counsel may establish at a federally-chartered financial institution a Qualified Settlement Fund, within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and all rules and regulations thereunder, to hold any Fee Award approved by the Court. No later than ten (10) Days after the date on which the Order and Judgment becomes Final, the Claims Administrator will pay from the Settlement Fund the approved Fee Award by either depositing the Fee Award into the Qualified Settlement Fund established by Class Counsel or by direct payment to Class Counsel as Class Counsel directs.

[Settlement Agreement § II.C.1-2 (Doc. 540-2 at 10).]

7. The only additional compensation for expenses to Class Counsel is the provision in the Settlement Agreement permitting reimbursement for the KAMO portion of the costs of litigation notice [*see id.* at §§ I, II.B]—estimated at $104,400 for both the published and direct-mail notice as well as construction of the database [*see* Doc. 556-2 at ¶ 8]. This reimbursement comes from the Administrative Account and does not reduce funds available to pay claims of KAMO Class Members.

8. The total gross value of the Settlement is $6,500,000, comprised of $3,933,333 in cash benefits paid to qualifying KAMO Class Members, administrative costs of $400,000 to be paid separately by KAMO-KPN, and the agreed-to attorneys' fees and expenses of $2,166,167.

9. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by … the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) and (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of Plaintiffs' fee-award motion was provided in the mailed and published settlement notices and on the settlement website. Plaintiffs have moved for an award of attorneys' fees and expenses of $2,166,667 and have set forth the grounds entitling them to such an award. KAMO-KPN does not object. [Doc. 556.]

10. The "amount of any [attorney fee] award rests within the sound discretion of the [district] court." *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th

Cir. 2012) (second and third alterations in original) (quoting *Litton Microwave Cooking Prods. v. Leviton Mfg. Co.*, 15 F.3d 790, 796 (8th Cir. 1994)). "Courts utilize two main approaches to analyzing a request for attorney fees[,] the 'lodestar' methodology [and] . . . the 'percentage of the benefit' approach." *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996). The percentage-of-the-benefit, or percentage-of the-fund approach "permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." *Id*. at 244-45. "It is well established in this circuit that a district court may use the 'percentage of the fund' methodology to evaluate attorney fees in a common-fund settlement." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). Indeed, "where attorney fees and class members' benefits are distributed from one fund, a percentage-of-the-benefit method may be preferable to the lodestar method for determining reasonable fees." *West v. PSS World Med., Inc.*, No. 4:13 CV 574 CDP, 2014 U.S. Dist. LEXIS 57150, at *3 (E.D. Mo. Apr. 24, 2014) (citations omitted); *see Johnston*, 83 F.3d at 245 ("[T]he [Third Circuit] Task Force recommended that the percentage of the benefit method be employed in common fund situations." (citing *Court Awarded Attorney Fees*, Report of the Third Circuit Task Force (Arthur R. Miller, Reporter), 108 F.D.R. 237 (1985))); *In re Xcel Energy, Inc.*, 364 F. Supp. 2d 980, 991 (D. Minn. 2005) ("In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established.'" (quoting *Petrovic*, 200 F.3d at 1157)).

11. Under the percentage-of-the-fund method, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Thus, it is appropriate to base the percentage on the gross cash benefits available for class

members to claim, plus the additional benefits conferred on the class by the KAMO Defendants' separate payment of attorneys' fees and expenses, and the expenses of administration. *See id*. at 479 ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.") (citation omitted).

12. This calculation applies to the type of settlement presented here, where the KAMO Defendants will pay the bulk of the gross value of the Settlement as a lump sum—none of which will be returned to the KAMO Defendants—into a Settlement Fund out of which both class compensation and attorneys' fees will be paid. *See Johnston*, 83 F.3d at 246 ("Although under the terms of each settlement agreement, attorney fees technically derive from the defendant rather than out of the class' recovery, in essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal. Even if the fees are paid directly to the attorneys, those fees are still best viewed as an aspect of the class' recovery.").

13. Under the KAMO Settlement, the KAMO Defendants must pay $6,100,000 into a Settlement Fund and an additional $400,000 into an Administrative Account. [*See* Settlement Agreement at §§ II.A-B (Doc. 540-2).] Compensation to KAMO Class Members, as well as attorneys' fees and expenses, will be paid out of the Settlement Account. [*See id*. at §§ II.A, C.] Administrative expenses and incentive payments to the KAMO Class Representatives will be paid separately out of the Administrative Account. [*See id*. at §§ II.B, D.] The KAMO Settlement does not permit the KAMO Defendants to recoup any of the $6,100,000 paid into the Settlement Fund. [*See id*. at § II.A.]

14. The Court finds that the fee and expense request is reasonable. Here, $3,933,333 will be paid to qualifying KAMO Class Members. When administrative costs of $400,000—to be paid separately by KAMO-KPN—and the attorneys' fees and expenses of $2,166,667 are factored in, the gross value of the Settlement is $6,500,000. The $2,166,667 fee-and-expense award amounts to one-third of the fund as a whole.

15. At one-third of the value of the KAMO Settlement as a whole, the fee-and-expense award falls within the range of percentage-fee awards found reasonable in the Eighth Circuit. *See In re Xcel Energy, Inc.,* 364 F. Supp. 2d at 998 (compiling cases by percentage and stating "courts in this circuit and this district have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions"); *see, e.g.*, *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming fee award of 36% of $3.5 million settlement fund, plus separate $40,000 award for expenses); *In re Iowa Ready-Mix Concrete Antitrust Litig.*, No. C 10-4038-MWB, 2011 U.S. Dist. LEXIS 130180, at *18 (N.D. Iowa Nov. 9, 2011) (awarding attorneys 36.04% of $18.5 million common fund in fees, plus separate reimbursement from settlement fund of over $900,000 in expenses); *West*, 2014 U.S. Dist. LEXIS 57150, at *4 (E.D. Mo. Apr. 24, 2014) ("In this case, the court believes that 33 percent is a reasonable percentage for attorney's fees. It is appropriate to apply a reasonable percentage to the gross settlement fund."); *Wiles*, 2011 WL 2416291, at *10-11 (W.D. Mo. June 9, 2011) (awarding attorneys one-third of $900,000 common fund); *Ray v. Lundstrom*, No. 8:10CV199, 2012 U.S. Dist. LEXIS 160089, at *11-12 (D. Neb. Nov. 8, 2012) (awarding one-third of $3.1 million fund in fees, plus separate reimbursement from the settlement fund of $77,900 in expenses); *Brehm v. Engle*, No. 8:07CV254, 2011 U.S. Dist. LEXIS 35127, at *6 (D. Neb. Mar. 30, 2011) (awarding one-third of $340,000 settlement fund in fees, plus separate reimbursement

from the fund of $45,000 in expenses); *Kelly v. Phiten USA, Inc.*, 277 F.R.D. 564, 571 (S.D. Iowa 2011) (awarding 33% of the settlement award in fees); *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1061, 1067-68 (D. Minn. 2010) (awarding one-third of $16 million settlement fund, plus separate reimbursement from the fund of $245,000 in expenses).[1]

16. Although the Eighth Circuit "has not formally established fee-evaluation factors, … it has approved consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)." *In re Iowa Ready-Mix Concrete*, 2011 U.S. Dist. LEXIS 130180, at *15 (N.D. Iowa Nov. 9, 2011) (citations omitted). The *Johnson* factors for evaluating attorneys' fees include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 n.3 (8th Cir. 2007) (citing *Johnson*, 488 F.2d at 717-19).

17. Here, Class Counsel have provided the Court with a declaration attesting that they have expended 17,120 hours of legal service to the class as a whole and have advanced $518,118 in expenses. [*See* Doc. 556-2 at ¶ 9.] The counsel time is valued at over $7.6 million. [*Id.*] Any reasonable apportionment of these expenditures of money and time to the claims being settled against the KAMO Defendants strongly supports the requested fee award. The Court has had

---

[1] The structure of this Settlement avoids the claim-rate problem that has troubled some courts and caused them to abandon the percentage-of-the-fund method for calculating fees. *See Eastwood v. So. Farm Bureau Cas. Ins. Co.*, No. 3:11-CV-03075, 2014 U.S. Dist. LEXIS 142652, at *14-15 (W.D. Ark. Oct. 7, 2014). None of the funds available to be paid to KAMO Class Members could revert to the KAMO Defendants under this Settlement Agreement.

opportunity to observe the work of Class Counsel in this hotly contested, complex case and has concluded that the lawyers representing the class served their clients with a high level of skill.

18. Class Counsel's retention letters with the KAMO Class Representatives provide for payment of fees contingent on success. The retention letters provide for all expenses to be reimbursed from any funds that result from Class Counsel's work and for Class Counsel to request that the Court approve an award of one-third of the Settlement Fund for fees. [*See id*. at ¶ 10.]

19. In this case, there were no timely objections to the fee-and-expense award. This is a factor to be considered. *See U.S. Bancorp Litig.*, 291 F.3d at 1038. The Court-approved settlement notices stated that, at the conclusion of the fairness hearings, Class Counsel would seek a fee-and-expense award of $2,166,667. The notices also informed KAMO Class Members of their ability to object to the fee request. No KAMO Class Member timely objected to it or appeared at a hearing to voice an objection.[2] The absence of timely objections by KAMO Class Members to Class Counsel's fee-and-expense request further supports finding it reasonable.

**WHEREFORE** it is **ORDERED** that the motion for an award of attorneys' fees and expenses of $2,166,667 to Class Counsel is **GRANTED**.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 1, 2015
Jefferson City, Missouri

---

[2] After the deadline for objections expired, one class member wrote that the requested fee was "to much" and contains no further detail as to why the objector believes the award is too much. *See* [Docs. 574 & 590]. In light of the hours spent and the expenses incurred by Class Counsel on this litigation, the Court finds that the award is not "too much."

9