UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHASE BARFIELD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:11-cv-04321-NKL |
| | ) |
| SHO-ME POWER ELECTRIC | ) |
| COOPERATIVE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On September 5, 2017, a Clerk's Judgment was entered in this case following a six-day jury trial. The jury awarded $129,211,337 in actual damages and $1,300,000 in punitive damages. Doc. 863. The Court then sua sponte vacated the judgment and ordered a new trial, pursuant to Federal Rule of Civil Procedure 59(d). Doc. 883. Plaintiffs now move for reconsideration of that order. Doc. 890. After careful consideration, Plaintiff's motion for reconsideration is denied.

**I.      Discussion**

The Court previously concluded that a new trial was warranted for the following reasons: (a) evidence of the defendants' costs and revenues did not support a finding that a third party or Defendants would have been willing to rent an easement from the plaintiff class for a sum exceeding $129 million; (b) revenue numbers admitted should have been limited to the time period of Plaintiffs' claim; (c) for actual damages, projected revenue should not have been admitted; (d) revenue should have been limited to that derived from the trespass, rather than from the commercial telecommunications services generally; (e) the Court erred in not instructing the jury on commercial viability.

A district court may grant a new trial when the first trial resulted in a miscarriage of justice because of legal errors at trial. *Trickey v. Kaman Indus. Techs. Corp.*, 705 F.3d 788, 807 (8th Cir. 2013). "Errors in evidentiary rulings are prejudicial only where the error likely affected the jury's verdict." *Id.* (quotation marks and citation omitted).

Upon reconsideration, the Court finds it erred, at a minimum, when it admitted evidence of projected revenue and revenue from outside the time period relevant to Plaintiffs' claim. While that evidence may have been admissible during the punitive-damage phase, it should have been excluded during the actual-damage phase of the trial.

Introduction of this evidence also carried a significant risk of prejudice. Despite the Court's limiting instruction (*see* Doc. 868, at 285:17-286:2), it is more likely than not that the jury considered the $320 million in revenues when it adopted Dr. Kilpatrick's conclusion that $129 was a fair estimate of the value of the telecommunications corridor over the Plaintiffs' land.

## II. Conclusion

For the reasons stated above, Plaintiffs' motion for reconsideration is denied. The Court reaffirms its decision to vacate the judgment as to both actual and punitive damages and to order a new trial concerning both actual and punitive damages.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: April 11, 2018  
Jefferson City, Missouri