UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHASE BARFIELD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-4321-NKL |
| ) | |
| Sho-Me POWER ELECTRIC ) | |
| COOPERATIVE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND JUDGMENT APPROVING SHO-ME CLASS SETTLEMENT AGREEMENT AND DIRECTING NOTICE OF FINAL APPROVAL**

WHEREAS, the Sho-Me Class Representatives, through Class Counsel, and Defendant Sho-Me Power Electric Cooperative and Sho-Me Technologies, LLC (collectively "Sho-Me") entered into a Class Settlement Agreement (the "Agreement"), as of July 12, 2018 (terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement); and

WHEREAS, on July 25, 2013, the United States District Court for the Western District of Missouri certified the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure and appointed Class Counsel to represent the Class;

WHEREAS, Plaintiffs and Sho-Me filed cross-motions for summary judgment based on an appendix which summarized and catalogued easements into categories based on the language contained in the easements;

WHEREAS, on January 7, 2014, the Court granted Plaintiffs' Consent Motion to Amend Plaintiffs' First Amended Class Action Complaint by Interlineation;

WHEREAS, on March 31, 2014, the Court, inter alia: (1) granted Plaintiffs' Motion for Summary Judgment on the Issue of Defendants' Liability as to claims involving Category 1A-1C

easements; (2) denied Plaintiffs' Motion for Summary Judgment on the Issue of Defendants' Liability as to claims involving Category 1D-1E, 2A-2B, and 3 easements; (3) granted Sho-Me's Motion for Summary Judgment on the Issue of Liability as to claims involving Category 1D, 2A-2B, and 3 easements; (4) denied Sho-Me's Motion for Summary Judgment on the Issue of Liability as to claims involving Category 1A-1C and 1E easements; (5) granted in part and denied in part Sho-Me's Motion for Summary Judgment Against the KAMO Class Members; and (6) denied summary judgment as to any party on claims based on Category 1E easements;

WHEREAS, notice of the litigation was provided to the class pursuant to the plan approved by the Court's order dated May 14, 2014;

WHEREAS, Persons fitting the definition of the class were given until September 8, 2014, to exclude themselves (opt out) from the Action under Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure;

WHEREAS, the following Persons with potential claims against Sho-Me timely requested exclusion from the Action on or before September 8, 2014:

> The Halbert Dallas Ray & Illen Trust
> Russell Kargel
> Douglas S. Platten
> Keith & Marilyn Tharp
> Jack & Wynne Harris
> John W. & Jean E. Greer
> Harold Rex Allen, Jr.
> Denise Green Roberts Trust

WHEREAS, the Sho-Me Class Representatives on behalf of the Class as defined in the Agreement elected on August 1, 2014, to proceed against Sho-Me on their unjust enrichment claim, and on February 6, 2015, a jury awarded the Class $79,014,140 in actual damages;

WHEREAS, the Court ruled in favor of Sho-Me on Category 1E easements during the February 2015 trial;

WHEREAS, Sho-Me appealed the judgment entering the jury verdict and, on appeal, the United States Court of Appeals for the Eighth Circuit reversed the grant of summary judgment on the Class's unjust enrichment claim by the United States District Court for the Western District of Missouri, but affirmed the grant of summary judgment on the Class's trespass claim and remanded the matter to allow the Sho-Me Class Representatives to pursue damages on the Class's trespass claim if they elected to do so;

WHEREAS, on remand, at a second trial held in August 2017, a jury awarded the Class damages for trespass in the amount of $129,211,337 and punitive damages in the amount of $1,300,000;

WHEREAS, on September 29, 2017, the Court vacated the judgment entering the jury verdict and ordered a new trial;

WHEREAS, Sho-Me stipulated for the purposes of the two trials that Sho-Me has installed fiber-optic cable or optical ground wire on approximately 796 miles of Eligible Right of Way, and that some of the capacity on the fiber-optic cable or optical ground wire was used for Commercial Communications Purposes;

WHEREAS, Sho-Me vigorously contested, but respectfully acknowledges, the Court's ruling that new easements should have been obtained from landowners;

WHEREAS, Sho-Me has disputed and continues to dispute Plaintiffs' method of calculating compensation to the Class as the result of its use of fiber-optic cable or optical ground wire on Eligible Parcels for Commercial Communications Purposes;

WHEREAS, over the last approximately nine (9) years, members of Class Counsel have conducted thorough discovery efforts, examination, and investigation of facts and law relating to the matters set forth in the First Amended Class Action Complaint;

WHEREAS, with the assistance of both private and Court-appointed mediators, the Parties have engaged in extensive, arm's-length negotiations regarding the settlement of the Communications Claims;

WHEREAS, Sho-Me and the Class in the Action moved under Rule 23(e) for an order preliminarily approving the proposed settlement of the Class Members' claims in accordance with the Agreement and approving the form and plan of notice as set forth in the Parties' joint Motion for Preliminary Approval of the Sho-Me Class Settlement Agreement [DOC. #916];

WHEREAS, in its Order entered on July 30, 2018 (the "Preliminary Approval Order"), the Court provisionally ordered that this Action may be settled as a class action [DOC. #918];

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement Agreement to Class Members and directed that appropriate notice of the Agreement be given to Class Members;

WHEREAS, in accordance with the Agreement and the Preliminary Approval Order: (1) the Claims Administrator caused to be mailed to Class Members the Settlement Notice on August 24, 2018 and Kinsella Media caused to be published the Summary Notice; (2) Affidavits of Mailing and Publication of the Settlement Notice and Publication of the Summary Notice were filed with the Court prior to this hearing; and (3) the Affidavits of Mailing and Publication filed with this Court demonstrates compliance with the Preliminary Approval Order with respect to the Settlement Notice and the Summary Notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, the following additional Person with potential claims against Sho-Me timely requested exclusion from the Action on or before October 9, 2018: Glen Williams;

WHEREAS, on November 15, 2018, at 1:00 p.m., this Court held a hearing on whether the Agreement is fair, reasonable, adequate and in the best interests of the Class (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Parties and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records, and proceedings in the Action, the benefits to the Class under the Agreement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Sho-Me Class Representatives, Class Members, and Sho-Me.

2. The Sho-Me Class Representatives and their counsel fairly and adequately represent the interests of the Class Members in connection with the Agreement.

3. The Agreement is the product of good-faith, arm's-length negotiations by the Sho-Me Class Representatives and Class Counsel, and Sho-Me and their counsel, and the Sho-Me Class Representatives and Sho-Me were each represented by capable and experienced counsel.

4. The form, content, and method of dissemination of the notice given to Class Members, including both published notice and individual notice to all Class Members who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

5. The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

6. The Agreement is fair, reasonable, adequate, and in the best interests of Class Members, and is approved in all respects, and the parties to the Agreement are directed to perform and satisfy the terms and conditions of the Agreement.

7. Class Members shall be permitted to make claims for the Benefits described in the Agreement, subject to the conditions and limitations stated herein.

8. After this Order and Judgment has become Final and an order awarding attorneys' fees and expenses to Class Counsel with respect to the Agreement becomes Final (hereafter "the Effective Date"), Sho-Me and all other Released Parties shall be released from any and all Communications Claims that any Class Member (and all successors in interest) had, has, or may have in the future, against Sho-Me or any other Released Party. This Release may be enforced by any Released Party.

9. All Communications Claims of any Class Member (and the successors in interest of all Class Members) against Sho-Me are hereby dismissed. Upon the Effective Date, such dismissal shall be with prejudice.

10. Upon the Effective Date, all Class Members (and the successors in interest of all Class Members) shall be barred and permanently enjoined from instituting, asserting, or prosecuting against Sho-Me or any other Released Party any and all Communications Claims they have, had, or may have in the future, against Sho-Me or any other Released Party, except any claims for enforcement of the Agreement.

11. The various Claim Forms and the Easement Deed by Court Order in Settlement of Landowner Action, set forth as Exhibits E(1) – (2) and F, respectively, to the Agreement, are approved. In order to receive Benefits under the Agreement, all Class Members must comply with the requirements for making and documenting a Claim that are set forth in that Agreement.

12. Pursuant to its authority under Federal Rule of Civil Procedure 70, on this date the Court has executed the Easement Deed by Court Order in the Settlement of Landowner Action. Upon the Effective Date, Sho-Me may, at its option and cost, submit for recording of public record in any Missouri county Recorder's Office for each county in Missouri where Eligible Parcels are located an Easement Deed by Court Order in Settlement of Landowner Action entered contemporaneously with this Order and Judgment, which shall comply with state and local recording laws and form, as provided in Section V.B of the Agreement. If a county requires an executed easement for a specific parcel, the Claims Administrator is hereby authorized to execute an Easement Deed by Court Order in Settlement of Landowner Action, as needed, to satisfy the county requirement. The Court retains jurisdiction, as provided pursuant to Section VII.C of the Agreement, and may enter supplemental orders and judgments to change, modify, alter, or clarify any Easement Deed by Court Order in Settlement of Landowner Action to effectuate the recordation of the Easement Deed by Court Order in Settlement of Landowner Action and to ensure it and any supplemental orders and judgments comply with state and local recording laws for each county where such supplemental orders are to be recorded.

13. The expenses of administering the Agreement shall be paid from the Settlement Fund and the Notice Fund in the manner set forth in the Agreement.

14. The Claims Administrator shall operate under the continuing supervision and jurisdiction of the Court and shall have the immunities and attributes of a judicial officer with respect to its administrative functions.

15. Upon the Effective Date, the Released Parties shall be released by all Class Members from any and all claims, damages, costs, expenses, and other liabilities of every kind and nature whatsoever as a result of or in any way in connection with the filing, recordation, or

indexing of the Easement Deed by Court Order Deed in Settlement of Landowner Action, or notice thereof, except claims to enforce the Agreement and/or this Order.

16. It is hereby declared, adjudged, and decreed that, upon the Effective Date, the Agreement provides the exclusive remedy for any and all Communications Claims of Class Members (and any successors in interest) against Sho-Me and any and all other Released Parties.

17. Upon the Effective Date, all claims against the Sho-Me Class Representatives, or their counsel or any of them, arising out of, relating to, or in connection with the Action shall be released by Sho-Me and their counsel, and they shall be permanently enjoined and barred from instituting, asserting, or prosecuting any and all claims arising out of, relating to, or in connection with the Action that Sho-Me or their counsel or any of them had, have, or may in the future have against the Sho-Me Class Representatives or their counsel, except claims to enforce the Agreement and/or this Order.

18. Upon the Effective Date, all Class Members (and all successors in interest), whether or not they file a Claim for Benefits, shall be permanently enjoined and barred from instituting, asserting or prosecuting, either directly or as a class representative, any Communications Claims.

19. The form of the Notice of Final Approval of Settlement, set forth as Exhibit D to the Agreement, is approved. Upon this Order and Judgment becoming Final, the Claims Administrator shall within thirty (30) days thereafter cause the Notice of Final Approval Package to be sent by United States mail, first class postage prepaid, to all Class Members who have been identified, who requested copies, or who otherwise came to the Claims Administrator's attention.

20. Any claims by Sho-Me against any insurers or other third parties for contribution, indemnification, or insurance benefits, are not barred, released, or otherwise affected by the Agreement or this Order and Judgment.

21. Incentive awards to the Sho-Me Class Representatives in the following amount are reasonable and are approved: Michael D. and Gina Biffle: $15,000 (jointly); and Dwight K. Robertson: $15,000.

22. The Claims Administrator shall deposit any Fee and Expense award approved by the Court, into the account of Class Counsel's choosing no later than ten (10) days after the date on which the Order and Judgment becomes Final.

23. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the Parties to the Agreement, including Sho-Me and all Class Members, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

24. If this Order and Judgment is not a final judgment as to all claims presented against Sho-Me in the Action, the Court hereby determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the appeal of all claims as to which final judgment is entered.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: November 15, 2018
Jefferson City, Missouri