IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CHASE BARFIELD, et al.,        ) Case No. 11-04321-CV-C-NKL
                               )
           Plaintiffs,         ) Jefferson City, Missouri
                               ) November 15, 2018
vs.                            )
                               )
SHO-ME ELECTRIC COOPERATIVE,   )
                               )
           Defendants.         )
_____)

TRANSCRIPT OF SETTLEMENT CONFERENCE
BEFORE THE HONORABLE NANETTE K. LAUGHREY
SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:         Ms. Kathleen C. Kauffman
                            1300 Pennsylvania NW, Ste. 700
                            Washington, D.C.  20004
                            (202) 594-6825

                            Mr. Ronald J. Waicukauski
                            301 Massachusetts Avenue
                            Indianapolis, IN  46204
                            (317) 633-8787

                            Mr. F. Alexander O'Neill
                            34 East Walnut
                            Thayer, MO  65791
                            (417) 264-7118

                            Ms. Heidi D. Vollet
                            231 Madison
                            Jefferson City, MO  65101
                            (573) 635-7977

```
 1

 2

 3

 4
     For the Defendants:              Mr. Robert J. Wagner
 5                                    Mr. David L. Coffman
                                      One US Bank Plaza, Ste. 2700
 6                                    St. Louis, MO  63101
                                      (314) 552-6250
 7

 8

 9

10

11   Court Audio Operator:           Ms. Tania Lock

12

13

14

15   Transcribed by:                 Rapid Transcript
                                      Lissa C. Whittaker
16                                    1001 West 65th Street
                                      Kansas City, MO  64113
17                                    (816) 914-3613

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording, transcript
25   produced by transcription service.
```

1    (Court in Session at 1:00 p.m.)

2        THE COURT:  Go ahead and be seated.  This is the matter

3  of *Biffle vs. Sho-Me Power Electric Coop.*, Case No. 11-4321.  Is

4  the plaintiff ready to proceed, Ms. Kauffman?

5        MS. KAUFFMAN:  Yes.

6        THE COURT:  And is the defendant ready to proceed?

7        MR. WAGNER:  We are, Your Honor.

8        THE COURT:  All right.  Thank you.  I understand that

9  the parties have reached a settlement in this case.  I have

10  reviewed the parties' submissions seeking the approval of the

11  settlement.  Is there any evidence or statements that either

12  party wishes to make to the Court at this hearing?

13        MS. KAUFFMAN:  Well, Your Honor, I was going to briefly

14  summarize how thoroughly and completely we have established that

15  the settlement should be approved and that our fee request should

16  be granted.  And I'm happy to do that, or await questions at Your

17  Honor's pleasure.

18        THE COURT:  I think I'd prefer you to make the statement

19  to the Court --

20        MS. KAUFFMAN:  Okay.

21        THE COURT:  -- on the record.  I do want to note that I

22  see only one person sitting in the back of the courtroom and I am

23  assuming that that is one of the parties to the case, is that

24  correct?

25        MS. KAUFFMAN:  That is incorrect, Your Honor.  He goes

1  by many names, but today it is my driver.

2          THE COURT:  Oh, okay.  Okay.  So, he is not here for the

3  purpose of making any objection to the settlement.

4          MS. KAUFFMAN:  No.

5          THE COURT:  All right.  I just wanted to get that on the

6  record.  All right.

7          MS. KAUFFMAN:  All right.

8          THE COURT:  You may proceed.

9          MS. KAUFFMAN:  May it please the Court?  After eight

10  years, three failed mediations, two jury trials, the parties have

11  determined to conclude the litigation portion of this case on the

12  terms of the Settlement Agreement before the Court.

13          THE COURT:  And I cannot tell you how grateful the Court

14  is to you.

15          MR. WAGNER:  Here.  Here.

16          THE COURT:  Go ahead.

17          MS. KAUFFMAN:  Today, the parties jointly request the

18  Court exercise its discretion to grant final approval of the

19  settlement because it is fair, adequate and a reasonable

20  resolution of the claims.  The briefs before Your Honor have

21  thoroughly examined the Eighth Circuit authority, the Federal

22  Rules of Civil Procedure, the factual history of this case, so I

23  am only going to make a few key points, which I think are very

24  important to the conclusion that this is a fair, reasonable and

25  adequate settlement.  First of all, after an intensive notice

program where most class members received notice twice and we had intensive action on our website, there are no objections. There are only nine opt-outs. I have done many of these cases across the country and that is an extraordinary record on a suit involving people's property rights.

The second key point is Judge Maughmer. This would not have happened without his participation. The cases say that one factor in deciding whether or not a settlement is fair is whether the parties negotiated at arm's length and whether there is any evidence of collusion or fraud. There is no evidence of collusion or fraud.

THE COURT: That is certainly established.

MS. KAUFFMAN: The parties were at such arm's length that we were not even permitted to sit in the same room during the final successful mediation. The third point is that this settlement is substantially the same as the *KAMO* settlement, which Your Honor approved in 2015. It had the same notice process. It has the same very simple claims process and nothing goes back to the defendants.

Finally, I wanted to highlight the very small number of changes between the *KAMO* settlement and this settlement, which I also think argue in favor of the Court's approval. In *KAMO*, as Your Honor may remember, there were three classes of benefits. There was a ten cent a foot benefit if a parcel was, one, covered by an easement that Your Honor had found did not support

1 trespass, but they still had the possibility with an appellate

2 claim. There was another Tier 2 benefit for the people in

3 Category 1E. And then there was a third class of benefits for

4 the people with parcels where Your Honor's summary judgment order

5 had established that they had a trespass claim. This case, this

6 settlement has only one class benefits. And they have only one

7 class of benefits because we've been up to the Eighth Circuit and

8 back down. They have held the trespass judgment. So, all of the

9 class members who can make claims under this settlement have good

10 claims. And the fund established under the settlement will in no

11 way be diluted by having to pay ten cents a foot to people

12 without valid claims. As the result of that and a higher,

13 proportionally higher settlement fund, the benefits here are 30

14 percent higher than the settlements -- than the benefits in *KAMO*.

15 We expect at least an equivalent claims rate. Because there's a

16 higher benefit, it would not be surprising if it was a higher

17 claims rate. But if we just assume the *KAMO* claims rate, the

18 $3.68 per foot base level of benefit in this will double. And it

19 will be a very substantial amount of money per foot for the class

20 and certainly very substantial when compared not only to *KAMO* but

21 compared to many other settlements in this area, and extra-

22 ordinarily sufficient when compared to the offers of $10 a parcel

23 that were being made around the time of the last trial.

24 The third change that I wanted to make sure Your Honor

25 was aware of is there is a possibility for a cy-près fund written

1  into the Settlement Agreement.  It was one of the last provisions

2  and essential to the conclusion of the settlement.  We will see

3  what we will see, but the option of requesting a cy-près does not

4  even kick in until the claims rate is only 30 percent.  It is

5  entirely at Your Honor's discretion and obviously only if it is

6  consistent with then-prevailing Eighth Circuit law.  And I

7  understand this is a hot topic in the Supreme Court right now.

8  And in class counsel's view, although the provision is there and

9  it was an important provision to completing this, those

10 thresholds are never going to get triggered in this case.  *Uponor*

11 says the important item is a balance between the strength of the

12 case and the terms of the settlement.  It will not surprise the

13 Court that that was the hardest thing for plaintiffs' counsel to

14 get past.  We got past it.  We're very comfortable with this.  I

15 signed these papers.  I am very comfortable with it.  And I think

16 when one looks at continued litigation, meaning more expense and

17 delay, the fact that we've all been schooled in the risks

18 inherent in this case, and when you weigh those factors against

19 the terms of the settlement, it is clear that this settlement

20 should be approved and we ask the Court to exercise her

21 discretion to do so.  I am ready to take questions on that if

22 Your Honor has any.

23          THE COURT:  I have no questions.

24          MS. KAUFFMAN:  Okay.  With the Court's permission, I am

25 going to then move to approval of the financial awards --

1      THE COURT:  Uh-huh.

2      MS. KAUFFMAN:  -- which were also part of this motion.

3  Class counsel requests an award of one-third of the fund of 25

4  million.  As Your Honor is aware, you have discretion on the

5  amount and also on the method.  You could either use a percentage

6  of the fund or you could do a lodestar award.  We think that a

7  percentage of the fund is the most simple, straightforward, the

8  right fit for this, and it is consistent with our retention

9  agreements with the class representatives.  And frankly an award

10 under a lodestar would get us more money.  And so it makes a lot

11 of sense to do a percentage of the award here.  That is what the

12 Court awarded in *KAMO*.  Your fee award in *KAMO* is Doc. No. 700.

13 The factors to consider when the Court exercises discretion to

14 award reasonable fees is the amount of benefit.  Did the lawyers'

15 work confer a substantial benefit on the class.  The checks to

16 the -- not only is the gross amount of the fund a good amount,

17 not only is the per foot award a good amount, but these are going

18 to be multi-thousand dollar checks going to class members and we

19 think we have conferred a very substantial benefit on the class.

20 Another factor is whether the lawyers had a risk of non-payment.

21 In this case we had a risk of no payment for eight years and

22 while working more than 30,000 hours and advancing costs and

23 expenses of over $620,000.  So, we think that factor fully

24 supports our fee request.  Another factor is the difficulty of

25 the issues and whether they required skill.  Your Honor has

1   walked this path with us and I will leave that issue to you.  And

2   the final factor is there is no objection to the fee award.  And

3   we fully disclosed to the class that we would -- the amount of

4   the fee we would be requesting and the estimated total amount of

5   costs that would also be subtracted from the settlement fund.  I

6   believe we over-estimated.  We told the class 1.2 million.  By my

7   calculation that's going to leave, if Your Honor grants

8   everything we have asked for, class representatives, the

9   administrative expenses, the litigation costs, we will still have

10  328,000 left to cover the future claims process which is in

11  excess of every estimate we have about how much that claims

12  process is going to take.  So, we were fully transparent with the

13  class and the class did not object at all.  I find no objections

14  in this case surprising because property is important to people.

15  I find no objection to my attorney fee request pretty darn

16  extraordinary because, although they might be happy to get the

17  money, it is often the case that at least one person wants to say

18  that the attorneys are getting too much.  And that did not happen

19  here.  Another factor to consider is whether our request of a

20  third is within the range of awards approved in this circuit.  In

21  your *KAMO* order, Document 700, in Paragraph 15, you have already

22  collected the cases supporting an award of one-third of the fund.

23  And that order came out in 2015.  The body of law you looked at

24  then has been added to by the Eighth Circuit. *Caligiuri*, 2017 in

25  the Eighth Circuit, approved over class member objections, an

award of one-third of the fund, plus 738,000 in expenses, plus
$2.4 million in administrative costs where the lawyers had spent
20,000 hours of time as compared to our 30,000.  And the
multiplier was less than two.  Our multiplier is not going to hit
1 in this case.  And the case notes that multipliers have been
approved in the Eighth Circuit up to 5.6.  In *Huyer*, also in
2017, the Eighth Circuit again upheld an award of one-third of
the fee plus administrative costs with a multiplier of 1.82.  We
have provided Your Honor with the detail for a lodestar cross-
check.  There are a lot of equations in that section of the
brief.  There's a lot of detail in the declarations.  As we were
going through it, and I realized we were going to have a
multiplier of less than 1 -- you know, you never know until you
sit down and do the math.  I thought she's not even going to be
able to look at these five pages.  But, Your Honor, if you want
to do a lodestar cross-check, all of the detail is there and
there is no windfall here.

Finally, we have asked for $15,000 in additional
compensation for Mr. Robertson and $15,000 jointly for the
Biffles.  I have done a lot of class-action cases.  This is more
than I usually ask for class representatives.  And they have
fully earned it.  Besides the usual of being subjected to a
deposition and having to look at pleadings, these class
representatives were major advisors to the process and they came
for two full trials and they took a lot of time off work.  And we

1  ask that the Court award $15,000 each to the two groups.  And

2  that is my presentation on fees, Your Honor.  Are there any

3  questions?

4          THE COURT:  There are not.  And I have reviewed all

5  these documents and I have to say this is a very reasonable

6  attorneys' fee.

7          MS. KAUFFMAN:  Thank you.

8          THE COURT:  I'll let the defendant address any issues.

9  I know you have deeds that you -- or something that you wish me

10  to consider signing deeds.

11          MR. WAGNER:  Oh, we submitted yesterday to Renea by a

12  Word document the easement deed order by court, and we ask Your

13  Honor to enter that.  And then, in addition, I have two small

14  housekeeping matters.

15          THE COURT:  Yes.

16          MR. WAGNER:  One is on language that Ms. Kauffman

17  submitted to Renea this morning on qualified settlement fund

18  treatment of the payment coming from Sho-Me, I gave Ms. Kauffman

19  permission to submit that to Renea and thereafter learned from

20  Sho-Me's tax attorney that he needs to look at that language a

21  little bit more.  It may need to be tweaked because this is a

22  non-reversionary settlement.  And we would get, in conjunction

23  with Ms. Kauffman, we'd get back to you with any tweaks for that

24  language within the next day or two.

25          MS. KAUFFMAN:  And, Your Honor, Renea, I understand, is

1   not here.  She got it at 11:30.

2           THE COURT:  Right.

3           MS. KAUFFMAN:  It is two paragraphs of language that we

4   would ask the Court to consider, including in the fee order.  The

5   paragraphs are -- it is nothing substantive.  We understand it is

6   language necessary under Treasury regulations to establish these

7   bank accounts as 468B-1 qualified.

8           THE COURT:  Right.

9           MS. KAUFFMAN:  The claims administrator needs that or

10  she's going to have to pay full IRS taxes on the full 25 million

11  when it gets deposited.  And it is a -- it's a provision that

12  provides some flexibility in taxation.  It permits the defendant

13  to take the full deduction when they make the deposit.  And it

14  permits flexibility in when the recipients have to recognize the

15  revenue coming out of it.  And it gives us some time to make the

16  division, because we expect that this money will be coming in

17  very close to the end of the year.  So, we need both funds

18  qualified as 468B.  Section 2 of the Settlement Agreement

19  provides for these funds to be qualified for 468B-1 funds.  So,

20  this is consistent with the Settlement Agreement.  The language

21  you have is what my tax advisors told me we needed to have.  And

22  Mr. Wagner --

23          THE COURT:  And this is the same language that their tax

24  advisor wants to review, or are we talking about --

25          MS. KAUFFMAN:  That's right.

1          THE COURT:  Okay.

2          MR. WAGNER:  If I could?  Essentially, Ms. Kauffman gave

3   it to me this morning.  I don't think either one of us had raised

4   this with each other until this morning.  And I was too quick to

5   say, Ms. Kauffman, the language is fine.  So, right now a lawyer

6   in Kansas City is taking a look at it.  And he may have no

7   changes for it.  But in the possibility that he does, I will

8   immediately contact Ms. Kauffman and we'll get new language to

9   you forthwith.

10         MS. KAUFFMAN:  And my only addition is it is always a

11  good idea to immediately say my language is fine quickly.  And I

12  am -- I welcome another tax lawyer's review of the language.  And

13  both sides just have an interest in making sure we have complied

14  with the regulation.

15         THE COURT:  Because you both have an interest --

16         MS. KAUFFMAN:  We both have an interest.

17         THE COURT:  -- in the regulation being complied with.

18         MS. KAUFFMAN:  Yes.

19         THE COURT:  Okay.  Now, I am assuming that that does not

20  delay the Court's entry of its judgment?  Or should it all be

21  done at the same time perhaps because this is kind of an

22  overarching issue?

23         MS. KAUFFMAN:  We would hope that those two paragraphs

24  -- Your Honor has to make Findings of Facts and Conclusions of

25  Law for the attorneys' fee portion.  So, the way we proposed

1  those two paragraphs would permit you to simply sign the final

2  approval order and include those two paragraphs in the Findings

3  of Facts and Conclusions of Law on fees when Your Honor is ready

4  to issue that order.

5  THE COURT:  Well, why don't we do this.  Why don't you

6  work out that resolution and you provide me with the proposed

7  Findings of Fact and Conclusions of Law, or a proposed order

8  effectively.

9  MS. KAUFFMAN:  I would be happy to do that, Your Honor.

10  THE COURT:  Okay.  And then that way it will be --

11  because you all have more vested in this being done exactly

12  right.

13  MS. KAUFFMAN:  That is fine, Your Honor.

14  THE COURT:  And I don't want to make a mistake with it.

15  MS. KAUFFMAN:  That is fine.  In terms of timing, I've

16  got to drive back to Minnesota.  My expectation is you will have

17  that Monday morning --

18  MR. WAGNER:  Oh, sure.

19  MS. KAUFFMAN:  -- assuming I can get it to Mr. Wagner

20  and we are -- we continue to say on the same Kumbaya light

21  wavelength.

22  THE COURT:  I really like hearing that.

23  MS. KAUFFMAN:  Thank you, Your Honor.

24  MR. WAGNER:  And then one last housekeeping point with a

25  respect to recording that Easement Deed by Court.  That will be

1   attached to that Easement Deed when we take it to the courthouse

2   is a list of properties on a county-by-county basis that will

3   tell the recorder which properties are subject to the Court's

4   Easement Deed.  When we get the list of properties finalized for

5   recording purposes, what we contemplate doing is coming forward

6   and filing a consent motion for approval of that finalized list.

7           THE COURT:  Okay.  So, you want me to approve the

8   current proposal, but then add that later on?

9           MR. WAGNER:  Correct.  Your final order will say that

10  you retain jurisdiction to enter supplemental orders with respect

11  to recording.

12          THE COURT:  Okay.

13          MR. WAGNER:  And this would fall within that provision.

14          THE COURT:  All right.

15          MS. KAUFFMAN:  It's also referred to -- that list of

16  parcels is referred to as Exhibit #1 to the Easement Deed.  It's

17  really a separate document that comes later and that's why.  We'd

18  be submitting it as Exhibit #1 later.

19          THE COURT:  Okay.  All right.

20          MS. KAUFFMAN:  So, it doesn't change the --

21          THE COURT:  So, it really is part of that same

22  agreement, it just isn't there yet.

23          MR. WAGNER:  Correct.

24          MS. KAUFFMAN:  Correct.

25          THE COURT:  Okay.

1          MS. KAUFFMAN:  Yeah.

2          MR. WAGNER:  That's it, Your Honor.

3          THE COURT:  Is that it?

4          MS. KAUFFMAN:  That will come -- that won't delay the

5    approval of this at all.  That's just -- we'll be working on that

6    over a period of time to get that finalized.

7          MR. WAGNER:  When Your Honor -- if Your Honor approves

8    the settlement, Exhibit #1 of the settlement -- or I'm sorry,

9    Exhibit "A" of the settlement already lists the beginning and

10   ending points of each of the segments of the right-of-way.  So,

11   you will be approving the eligible right-of-way.

12         THE COURT:  Essentially the deeds that cover that area.

13         MR. WAGNER:  Correct.

14         THE COURT:  Yeah.

15         MR. WAGNER:  This will be a description of the

16   individual properties.

17         THE COURT:  Yeah.  Okay.

18         MR. WAICUKAUSKI:  Your Honor, can I just say one thing

19   on behalf of the plaintiffs' counsel?

20         THE COURT:  Yes.  Mr. Waicukauski.

21         MR. WAICUKAUSKI:  We are very appreciative of all the

22   time and attention that you've given to this case over the last

23   eight years.

24         MS. KAUFFMAN:  Yes.

25         THE COURT:  Seems like a lifetime, doesn't it?

1    MR. WAICUKAUSKI:  And the hospitality that you gave us

2  during two trials.  And I just wanted to express on behalf of the

3  class and counsel how appreciative we are of your diligence and

4  your attentiveness to this matter over the years.  Thank you.

5    THE COURT:  Okay.

6    MR. WAGNER:  May I echo that, Your Honor?  You and your

7  staff have been very helpful.

8    THE COURT:  My many law clerks.

9    MR. WAGNER:  And also I'd like to (inaudible)

10  plaintiffs' counsel.  As you've indicated and we've indicated

11  this morning, this has been a very contentious, hotly disputed

12  case, more so than any I've been involved in in my career.  And

13  it really took a herculean effort to get this resolved.  But

14  we're grateful that you're the one participating helping us get

15  it.

16    THE COURT:  Well, I wish I could have invented a better

17  yesterday and have figured out how to get this resolved, you

18  know, three years ago rather than when we did get it -- when you

19  did get it resolved.  And I really do credit Judge Maughmer.  You

20  know, I've been in communication with Judge Maughmer about this

21  and I really do credit Judge Maughmer with being the magic

22  element that has made this possible.  He is really a skilled,

23  skilled mediator.  And, you know, does his homework to really

24  understand what the risks are of each party, so -- and has that

25  personal touch that makes people feel comfortable.  And so I'm

very grateful, because I don't know where ultimately this case

would have ended up. I, as of today, could not tell you where it

was going to end up. And you all, I don't think, would know

either in advance where it was going to end up. So, thank you to

the parties and to the litigants and the lawyers because it has

been a hard-fought case. And I have so much admiration for both

sides.

MR. WAGNER: Thank you, Your Honor.

THE COURT: Maybe not the parties, but the lawyers.

That, you know, in a tough situation, I think for both sides, you

have been very professional, very thorough. You have, you know,

put my feet to the fire on more than one occasion and I

appreciate that. I think that's how we get to the truth best is

if you have two good advocates and they, you know, are able to

bring everything clearly to the Court. So, I really appreciate

the work that all of you have done. Outstanding lawyers.

Outstanding lawyers.

MR. WAGNER: Thank you.

THE COURT: So, with all this self-congratulation, let's

go ahead and do the orders because there is nothing here that is

going to deter me from approving the orders which you have

submitted to me. I can't imagine anybody second-guessing the

approval of this settlement. And so I do approve it pursuant to

the proposed Order and Judgment which I will sign. And also I

will execute the Easement Deed today as indicated in the order.

1   I will wait then for you all to come back to me with a proposed

2   order on the attorneys' fees and then the issue of the actual

3   parcels that will Exhibit #1 to the approval. I think those are

4   the only things that need to be approved. Have I checked off all

5   of the issues?

6       MS. KAUFFMAN: Well, the final approval order needs to

7   be signed and entered. The final approval states that this day

8   you are signing the Easement Deed by Court Order.

9       THE COURT: Correct.

10      MS. KAUFFMAN: We can wait to attach the attachment.

11  And Your Honor does not have the draft Findings of Facts and

12  Conclusions of Law as of yet, but we will draft them and get them

13  into you by Monday.

14      THE COURT: Yes. I don't mean to suggest in any way

15  that I'm not going to approve the -- I am approving the

16  distribution of the attorneys' fees. I think it is incredibly

17  reasonable given how long this case has taken and that you have

18  really had to put your heart and soul into it.

19      MS. KAUFFMAN: Thank you, Your Honor.

20      THE COURT: So, and it's duly noted as well defended by

21  the defense counsel as well.

22      MR. WAGNER: Thank you.

23      THE COURT: So, I think it is also the right and fair

24  thing to get done here. So, you know, sometimes we are so

25  focused on these legal issues that we lose that big picture. And

1  I do think this is the right and fair thing to have been done

2  here.  All right.  I will then await getting the proposed

3  Findings of Fact and Conclusions of Law, which I am assuming is

4  going to resolve this issue about the tax status of the

5  settlement.

6          MS. KAUFFMAN:  It will be included in that order.

7          THE COURT:  Yes.

8          MS. KAUFFMAN:  And Monday you should have it.

9          THE COURT:  Okay.  Great.  Thank you all.  And I hope

10 you all go and have a wonderful life and wonderful holiday and no

11 more of these cases.  Okay?

12          MS. KAUFFMAN:  Have a wonderful life.

13          MR. WAGNER:  Thank you, Judge.

14          THE COURT:  All right.  Court is in recess.

15              (Court Adjourned at 1:29 p.m.)

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7          I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
8    above-entitled matter.

9

10          /s/ Lissa C. Whittaker          December 10, 2018
            Signature of transcriber               Date
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25